## DUFFEE, ADM'R, v. BUCHANAN AND WIFE.

1. A testator declared in his will, that certain property " shall be equally divided between my mother and my two sisters, H. and M."   Held, that the meaning of the will was, that each was to have one third part.
2. An administrator is chargeable upon his settlement, with the amount of a note due by him to his intestate, as money in his hands.
3. An administrator may subject himself to be charged with the notes of third persons, as assets, upon proof of neglect or mismanagement; and

when the record recites, that the Court, upon the proof adduced, was satisfied he was chargeable with such notes, it will be considered in this Court, that the proof was sufficient, if no objection was made to it in the Court below.

4. The administrator having appeared in obedience to the citation, is affected with notice of all the subsequent proceedings.

Error to the Orphans' Court of Tuskaloosa.

THIS was a proceeding, upon the final settlement of the estate of Seaborn P. Gillespie, of which the plaintiff in error was administrator, with the will annexed. The will is as follows:

First—It is my will and desire, that the proceeds of a promissory note, due me from Matthew Duffee, amounting to eight hundred dollars, or thereabouts, and another for about two hundred dollars, shall be equally divided between my mother, Margaret Gillespie, and my two sisters, Harriet Williams and Mary Gillespie.

Second—It is my will and desire, that my mother and sisters, above named, shall receive the amount of a debt, due me from William McGuire, amounting to about thirty dollars, and also the amount of a debt, due me from Mr. Samuel, amounting to about five dollars, to be equally divided between them, as above named.

Third—It is my will and desire, that my mother and sisters, above named, shall receive a certain horse of mine, now in the possession of Wm. Robinson, (after deducting the value of his keeping,) also, a sulkey, to be divided between them as aforesaid.

Fourth—It is my will and desire, that my other little debts and property, which I may have, after the same is arranged and settled, shall be given as aforesaid, to my mother and sisters.

Fifth—It is my will and desire, that Matthew Duffee, should be allowed, as a set off to the amount due me, for the rent of my house, any sum he may have expended in putting additions to said house.

On the 19th April, 1844, the following order was made: It appearing to the satisfaction of the Court, that Matthew Duffee, administrator of the estate of Seaborn P. Gillespie, deceased,

Duffee, Adm'r, v. Buchanan and Wife.

has made no settlement of his accounts, as such administrator: it is therefore ordered, by the Court, that a citation issue, to said Matthew Duffie, to appear before this Court on the second Monday in May next, to file his accounts and vouchers, and make settlement of the said estate.

At the return of the writ, Duffee appeared and presented his account and vouchers, for a settlement, and the Court received, audited and stated said account, and reported the same for allowance, at a term to be held on the second Monday in August next, after, and directed publication to be made.

On the second Monday in August, 1844, a decree was rendered as follows : Be it remembered, &c.. that at this term, came up for a final settlement of the estate of Seaborn P. Gillespie, deceased, the accounts and vouchers of Matthew Duffee, administrator of said estate. The account having been audited, &c., heretofore, and due notice thereof given, as required by law, the Court proceeded to consider the same, and the exceptions thereto. It was objected, that as the account took no notice of the two debts stated in the will, to be due from the administrator to the testator, and one also due from Moses McGuire, said account was not correct, and the Court, upon the proof adduced, being satisfied that said amounts should be charged against said administrator, as well as the amount of two hundred and eighty three dollars and fifty cents, in said account stated, and after deducting the amount charged, $293 88, and $100 to the administrator, for his services, and $42 57 Court charges, there is left, calculating interest from the time of testator's death, on the sum of $1,020, which remained after deducting charges, from the credits of the estate, said testator having died 26th February, 1834, the sum of $1,717 43, to be equally divided, according to testator's will, between his mother, Margaret Gillespie, and his two sisters, Harriet Williams and Mary Gillespie. The sum of five hundred and seventy-two dollars thirty-seven cents, is hereby decreed to be the distributive share of Harriet Williams ; and it appearing to the Court that Margaret Gillespie departed this life, before this settlement, and that David Johnson is her administrator, it is hereby decreed, that $572 is the distributive share of said Johnson, as administrator. It is hereby further decreed, that $572 is the distributive share of E. Buchanan and Mary his wife, formerly Mary Gil-

lespie, testator's sister, which several sums, said administrator is required to pay to the persons to whom they are respectively due.

From this decree the administrator prosecutes this writ, and assigns for error—

1. That it does not appear at whose instance the citation issued, or the account and other proceedings were had.

2. It does not appear that any of the parties, and particularly Duffee, were present when the decree was made.

3. Duffee is charged, with the notes mentioned in the will, without its appearing that they ever came to his hands, or continue unpaid.

4. The decree in favor of Buchanan, should have been for one fourth, instead of one third.

W. Cochran, for plaintiff in error, upon the first point, cited 1 Ala. Rep. 596. If the administrator failed to bring into the account, items supposed to belong to the estate, an issue should have been made up on notice, or after attachment. [Clay's Dig. 226, § 28.]

An examination of the will, shows that the mother was entitled to one half the estate, and the sisters to the residue.

Peck & Clarke, contra. The notes charged to Duffee, are his own notes, with which he is chargeable as cash. No notice was necessary, because he was already in Court.

The citation may be at the instance of the Judge of the Orphans' Court. [Clay's Dig. 226, § 27.] Having appeared and delivered his vouchers, he is affected with notice of all the subsequent proceedings.

ORMOND, J.—We consider the true construction of the will to be, that the mother and the two sisters, took each one-third part of the estate. The language is, "shall be equally divided between my mother and my two sisters, Harriet and Mary." If the term *equally* had been omitted, there might have been some plausibility in the argument, that it was intended to create two classes of beneficiaries. In a subsequent clause of the will, the same idea is conveyed, in language admitting of no doubt, where it is said, "My mother and sisters above named,

shall receive the amount of a debt due me," &c.   The plain import of the will is, that his mother and sisters were to be equally interested in his estate, and it would be doing great injustice, to change this natural interpretation of the whole will, by a criticism upon a particular word, especially in a case where the will being *nuncupative*, was reduced to writing after the testator's death.   In such a case, we must give effect to what appears to have been the prevailing idea, in the testator's mind.

In respect to the note due by the administrator, to the deceased, there can be no doubt, he was properly chargeable with it as money.   It was assets in his hands for collection and distribution, and as he could not sue himself, it was properly considered as cash in his hands.   [Childress v. Childress, 3 Ala. Rep. 754.]

The note due by McGuire, stands upon a different footing. As a general rule, executors and administrators are not chargeable with notes remaining in their hands as money; though certainly they may subject themselves to account for them, as assets, upon proof of neglect or mismanagement.   [Douthitt, Administrator, v. Douthitt, 1 Ala. Rep. 597.]   In this case, the administrator having had possession of the estate for about ten years, appears in obedience to the citation, and submits an account for final settlement; upon the final settlement, the Court, " upon the proof adduced," being satisfied that he was correctly chargeable with the amount of the note due from McGuire, decrees against him.   If there was no evidence authorizing this decree, it should have been shown by an exception.   In the absence of any objection, we must presume, either that it was shown that the money had been collected, or that it was lost by the neglect of the administrator, who was entitled to its custody, and upon whom the law devolved the duty of collecting it.   The record, it is true, does not show, that the administrator was present when the final settlement was made, nor is it important whether he attended or not.   He is one of the parties in the cause, and having appeared in obedience to the citation, is affected with notice of all the ulterior proceedings, of which, indeed, the record states due notice was given.

We are unable to perceive any error in the decree of the Court, and it is therefore affirmed.