## WILLIS' ADM'R v. THE HEIRS OF WILLIS.

1. With the exception of contested wills, and the provision of the act of 1843, for a trial by jury in the case of insolvent estates, the Orphans' Court has no power to impannel a jury to ascertain a disputed fact, unless there is a real doubt in relation to it, requiring a cross-examination to elicit the truth.   And in such a case the necessity for impannelling a jury must appear, by setting out the testimony in the record, so as to enable an appellate court to revise the order.

2. When a matter is properly submitted to a jury, by the Orphans' Court, and its decision is adopted by the court, it cannot be reviewed in this court.

3. An administrator cannot, in the settlement of his accounts as such, have a credit for boarding and clothing furnished the distributees.

4. Annual, or partial settlements, made by an administrator, or guardian, in conformity to law, are *prima facie* to be considered correct, but may, on the final settlement, be impeached by proof, showing their incorrectness.

Error to the Orphans' Court of Montgomery.

THE facts as they appear of record, are, that the plaintiff in error, as the administrator of Britton Willis, deceased, entered upon the administration, made and returned his inventory, account of sales, &c., and made several annual settlements with the Orphans' Court.

On the 2d July, 1845, the administrator having applied for the allowance of his annual settlement, the heirs and widow of the deceased appeared.   The record then states, that upon the request of the parties, a jury was called, and the court having directed that an issue should be formed, the administrator tendered the following :

Price Willis, administrator of B. Willis, avers that the following account against said estate, as administrator, for board and clothing of the minor heirs of said deceased, is just, and should be allowed him in settlement.

ESTATE, Dr.—By amount of board of seven children—
3 years at $60 per annum,...... ..... .........$1,260 00
Do. six children, one year,...... ..... ......... 420 00

Willis' Adm'r v. The Heirs of Willis.

Do. three children, for 1842, ...... ..... ....... ....210 00
Do. three children, 1843 and 1844, ...... ...... ...... 420 00

$2,310 00

The distributees, by their attorneys, denied the correctness of the account, and issue being joined, a jury was called who, by their verdict, found the account filed by the administrator to be incorrect, and that he should be allowed the sum of $450, for the board and maintenance of the children of the intestate. The sum thus found by the jury, was received by the court, and included in the settlement which was then made, and a decree rendered against the administrator for $2,604 28.

Pending the trial of the issue, a bill of exceptions was taken, from which it appears, that proof was made, showing the value of the labor of the children to the administrator, and that he treated them inhumanly, and cruelly, which was objected to by the administrator, but permitted by the court to go to the jury. Subsequently it appears the administrator was removed.

It also appears, from the record, that there had been several partial settlements made by the administrator, with the Orphans' Court, previous to this.

The assignments of error, consist of alledged errors on the trial of the issue, and the rendition of judgment on the verdict of the jury. Also, in permitting the former settlements of the administrator to be re-examined.

BELSER, for plaintiff in error, cited 4 Porter, 390.

HAYNE, contra, cited Clay's Dig. 304, § 35.

ORMOND, J.—The questions raised upon the record, arise out of an issue tried by a jury, upon the settlement of the accounts of the plaintiff in error, as administrator. The statutes authorizing the Judge of the Orphans' Court to impannel a jury, are the act of 1821, when a will is contested, or doubts arise as to its validity, (Clay's Dig 304, § 35,) and the act of 1843, in regard to the settlement of insolvent estates, (Clay's Dig. 192.) In each of these cases, there can can be

no doubt, that a writ of error will lie upon the judgment of
the Orphans' Court, founded upon such verdict.   In regard
to the act of 1843, a writ of error is expressly given, to any
party dissatisfied with any decision, or charge given upon the
trial of the issue. · [Clay's Dig. 195, § 14.]

It is now insisted, that the Judge of the Orphans' Court,
may submit to a jury the decision of any question of fact,
arising upon the settlement of an estate, and as a corrollary·
from this proposition, it is also supposed, that exception may
be taken to the opinion of the Judge upon the trial of such
issue, either as to the admissibility of such evidence, or in
his charge to the jury,—and that a writ of error may be pros-
ecuted thereon.   This is a question, it appears to us, of great
importance.   If the proposition is true, as contended for, the
obvious effect will be, to increase vastly the expense and de-
lay of litigation in the Orphans' Court, as a number of issues
may be made up in each case, upon each of which several
reversals and trials might be had, the settlement of the estate
in the mean time being suspended.   But this, though a great
evil, is by no means the greatest.   The necessary effect of
devolving on the jury, the settlement of contested facts, would
be to put at hazard the rights of the parties litigant, as the
appellate court would not have the means of rectifying an
error, either of fact or of law, which the jury might make,
if their verdict was adopted by the Judge of the Orphans'
Court.

The authority for this procedure, is attempted to be de-
rived from the 6th section of the act of 1821:  "That in all
cases, where it shall be necessary to have any matter depend-
ing before any of said courts, or the Judge thereof, on any
return day, tried by a jury, the sheriff, by order of the Judge,
shall forthwith impannel a jury."   [Clay's Dig. 303, § 32.]
The act of which this section forms a part, is the act creating
the present County Court system, and conferred on the Judg-
es to be elected, the rights, powers and duties of Judges of
the County and Orphans' Courts.   The 9th sec. of the same
act, (§ 35, 304, Clay's Dig.) already cited, is to the following
effect :  "When the validity of any will shall be contested,
or doubts may arise as to its validity, or, as to any fact, which
in the opinion of the Judge, it may be necessary to have as-

*certained by the verdict of a jury, before awarding any order, judgment or decree,* such Judge may forthwith cause a jury to be impannelled," &c. &c. . Conceding that this last clause, applies to any disputed question of fact, which may arise in the Orphans' Court, and that it is not confined to disputed, or doubtful wills, it is obvious from the context, and the course of procedure in the Orphans' Court, that it was not intended by either of the acts cited, that the Judge was compellable, at the will of either of the parties, to submit any question of fact to a jury, except in the case of a contested will, still less that he should be permitted to shift the responsibility from himself to the jury, and thus place the facts beyond the revision of an appellate tribunal. The statutes do not justify the Judge of the Orphans' Court, in declining or refusing to decide any question of fact which may arise, unless a real doubt exists of the existence of the fact.

The extent of the evil will be seen and felt, the moment the practical operation of a contrary rule is adverted to. The power here conferred on the Orphans' Court, is precisely similar to the well known power exerted by the Courts of Chancery, of sending issues of fact to a jury. In regard to the power of these courts to direct issues of fact to be tried by a jury, it is clear, it can be only exercised rightfully, where there is such a conflict of testimony, that a cross examination alone can elicit the truth. This question was elaborately examined by us, in the case of Kennedy v. Kennedy, 2 Ala. Rep. 624, and we will not therefore again travel over the ground, but content ourselves with a reference to the authorities there cited.

Before it can be known whether there is a doubt, or conflict of testimony, the evidence must be adduced to the Chancellor, and will constitute a part of the record. So in our opinion, must it be in the Orphans' Court; and if in the opinion of the Judge, there is so much doubt, or such a conflict of testimony, that it is proper to impannel a jury, he should cause the testimony, if it is not in writing, to be spread upon the record, to show the propriety of his order, and to enable an appellate court to revise his judgment. When the jury return their verdict, if received by the Judge, it becomes the act of the court, and error could not be assigned

on it in this court, nor would this court have the power of inquiring into the propriety of any evidence adduced before the jury, or charge given by the court.

In Mitchell's Distributees v. Mitchell's Adm'r, 8 Ala. R. 414, an issue was made up, to ascertain the amount each of several distributees had been advanced, by the father, in his lifetime. That was a proceeding between the distributees themselves, and the evidence was spread upon the record. No objection was made to the ascertainment of the facts by a jury, either below, or in this court, and the question we are now examining, was not considered, nor was it apparent that any injustice had been done. This is the settlement of the account of an administrator, with the distributees, and is so far from disclosing, that it was a proper case to be submitted to a jury, that on the face of the account, it is evident, no part of it could be allowed on this settlement.

The duty of the administrator, was to receive the assets of the estate, to pay the debts of the deceased, and to pay over the residue, if any, to those entitled to it. This account is not for money paid, on account of the estate, but consists altogether of charges for boarding the minor children of the deceased. If he could be permitted in this manner to blend his accounts as administrator, with advances made to the distributees, it would be extremely difficult, if not impossible to ascertain the portion of the several distributees. The first item in this account is for the board of seven children, for three years—the second for the board of six for one year, and the two next for the board of three children, and the gross amount of $2,310 is offered as a general charge against the whole estate. No proposition can be clearer, than that the duties of administrator and guardian cannot be thus blended in one account. In Griswold v. Chandler, 5 N. H. 49, it was held, that an administrator could not receive a credit in his administration account, for mourning apparel furnished the family of the deceased, and it has been repeatedly held in this court, that an administrator could not, by any act of his, create a charge against the estate he represented. The utmost we have gone, has been to allow him, when he had paid the distributees, to have satisfaction entered upon the record, after the share of the distributees had been ascertain-

ed. [Carroll v. Moore, 7 Ala. Rep. 615.] Whatever claim therefore, the administrator may have upon the minors fo boarding and clothing furnished them, during their minority, he cannot make it an item of charge in the settlement of his accounts as administrator.

It was also contended, that as the account of the administrator had been allowed, upon the previous partial settlements made by the administrator, they were binding on the distributees. Annual, or partial settlements, by an administrator, or guardian, are recognized by our laws, and may be absolutely necessary for the security of the administrator, or guardian, as it would be most unreasonable, that he should be required to keep an estate in his hands for many years, without having his vouchers passed upon, and his accounts settled. Such settlements, when made in conformity to law, are *prima facie* to be considered correct, but may be impeached by proof showing their incorrectness. In this case, as already observed, the accounts are upon their face inadmissible, and such as the County Court had not the power to allow, upon a settlement with the administrator.

From the view here taken, it is obvious, that this writ of error was improperly sued out, and must be dismissed.