## BRAZEALE'S ADM'R v. BRAZEALE'S DISTRIBU-TEES.

1. When upon the settlement of an estate, the administrator makes an agreement in relation to the settlement, with a portion of the distributees acting for the whole, it is binding on the administrator, if all the distributees afterwards affirm it.

2. Partial settlements previously made according to law, are upon the final settlement to be considered as *prima facie* correct, but may be surcharged, and falsified, by the distributees. *Ex parte* allowances, made to the administrator, without any cause assigned therefor, are nullities.

3. An administrator is chargeable with claims lost by his neglect. He is *prima facie* liable for the debts due the intestate, which he did not return desperate, and for the gross amount of the sales made by him; and for interest from the maturity of the debts, unless by his affidavit he shows he did not use the money.

4. When a decree of distribution is not made at the final settlement, no such decree can afterwards be made, without notice to him, setting forth when the decree will be made, and who claims the right to distribution.

Writ of Error to the Orphans' Court of Walker.

THE plaintiffs in error, administrators of the estate of Geo. Brazeale, applied to the Orphans' Court for a settlement of their accounts, and the 4th June, 1839, was set for that purpose. After many continuances, and citations to bring in the administrators, they at length appeared, and filed their accounts and vouchers, which were examined, audited, stated and reported for allowance on the 1st Monday of February, 1845. The settlement was postponed, first to the third

Monday in March, by consent of the attorneys, and again to the second day of April, and finally to the first Monday in June.

At that time the administrators appeared, and "Thomas M. Peters, attorney at law, in part, for the distributees of said estate, and submitted to the court an agreement in writing, entered into between William S. Earnest, attorney at law for said administrators, and said Peters, attorney for the legatees, in part of said George Brazeale, sen. deceased, as follows, Morgan Brazeale and Edward F. Brazeale, administrators, &c., in account, &c. It is agreed, that all settlements, and allowances heretofore made in this Court, or concerning said estate, shall be opened, and that the said Judge of said Court, shall proceed to make a final settlement as if former settlements had never been made—that is, the present settlement shall be de novo ; and said administrators shall be charged with any thing for which they are jointly chargeable, and account for the same, and be allowed all credits in law or equity they are justly entitled to, and it is agreed further, that this be made a part of the record.   April 4, 1845.

The record then states, " that notice according to law had been given of the settlement, and that the court proceeded to the settlement, and objections being made to the account of the administrators, it appeared to the court they were well taken—that many of the accounts of the administrators were unsupported by proper and legal vouchers, and it further appeared to the court, that the administrators had neglected to charge themselves with all the goods rights and credits which had come to their hands, and possession, as such administrators ; it is therefore ordered that the said administrators be charged, and credited, in said final settlement of said estate, as set forth in their account as follows :"

Here follows an account stated by the court, by which it is ascertained that the amount in the hands of the administrators, subject to distribution, is $3,850 38.   Then follows an order that the account so settled is allowed, and ordered to be filed and recorded.

At the succeeding August term of the court, the court made an order of distribution and decreed, that the administrators pay to Morgan Brazeale, Edward Long, in right of his wife

Susan, and Philip Ussery, in right of his wife, each $962 64, and to John, Sarah, Edmund, and Malinda Brazeale, grand children of the deceased, each $240 60.

From this decree this writ is prosecuted by the administrators, who, by their assignment of errors raise the following questions:

1. The insufficiency of the decree upon the final settlement.

2. The settlement was made *de novo*, and a portion of the distributees were not present.

3. The agreement to make a settlement *de novo* was void, because all the parties did not consent.

4. The court, at the final settlement, altered and disallowed settlements previously made, and charged the administrator with assets not reported in the inventory.

5. The amount ascertained by the final settlement was too large.

6. In not making a sufficient allowance to the administrators.

7. The court refused to allow a sum of money, which had been adjudged to one of them by the verdict of a jury, at a previous term.

8. The administrator was charged with a large amount of uncollected debts, as cash.

9. The court made distribution between four heirs, when the record does not show but three.

R. H. SMITH, for plaintiff in error. The decree of distribution is erroneous, in not having been rendered at the same term of the court, when the final settlement was made. It does not appear to have been rendered *nunc pro tunc*. The administrator being liable to execution, ought to have been present at the making of the decree. [4 Porter, 332, 124; 2 Ala. Rep. 192; 4 Ib. 123; 7 Id. 9, 613; 5 S. & P. 397.]

The record shows, that Peters appeared for the distributees in part. It is not shown which of the distributees was not represented by counsel, or that any of them were before the court. It does not appear that Earnest, the attorney of the administrators was present, and the agreement between the attornies to go into the settlement *de novo*, was made out

of court, some time previously. The agreement should not have been received by the court, because the court could not dispense with the " stating," and " auditing," of the account. The consent of Peters for part, could not bind all, and was therefore of no validity.

It appears from the record, that in 1841, $610, by the verdict of a jury, and the judgment of the court, was allowed to one of the administrators; this claim was disregarded by the court on the settlement. [2 Ala. Rep. 287.]

· The court also refused to allow several other allowances made to the administrators at different times. These allowances reduced the assets at that date, and should at least have stopped the interest.

The court had no power on the final settlement over assets of the estate not stated, or reported, as the statute directs. The interest is computed from the origin of each debt, and the sales were on twelve or eighteen months credit.

T. M. Peters, contra. The ascertainment of the sum due on the final settlement, is not only sufficient, but is strictly formal, as it ascertains a specific balance to be distributed. [Clay's Dig. 229, § 41, 42; 7 Porter, 270; 4 Ala. Rep. 121; 5 Id. 473.]

The proper parties were before the court, the administrators on one side, and the distributees on the other; who the distributees were, is shown upon the record. If any of the parties were objected to, it should have been shown by bill of exceptions. [4 Ala. Rep. 158; 6 Id. 607.] Besides, the parties on both sides appeared by their attornies, as the record shows.

The settlement was *de novo*, not by order of the court, but by consent, and agreement of the administrators themselves, and they cannot complain. [Rule 14, Clay's Dig. 610; 7 Ala. Rep. 622.] Besides, it should appear from the record, (but does not,) that the party was prejudiced by it. [1 Ala. Rep. 217, 506.] The administrators may have agreed to it, to avoid an expensive and tedious Chancery litigation.

It was fully in the power of the court to charge the administrators on the final settlement, with assets not accounted for by them, nor is it easy to conceive how they could be

reached in any other way.   [2 Ala. Rep. 192; 5 Id. 117; 7 Id. 20.]

The record furnishes no means of ascertaining, whether the amount found by the court to be due from the administrators, was too large or not, but if it were true that there was a mistake, the court would not reverse but amend.

All the other objections could only be raised by bill of exceptions, and cannot be raised in any other way.   [5 Ala. R. 117.]

The counsel also cited, on the several points made by him, 1 Sellon P. 16 ; 1 Bac. Ab. Attorney, D. 299 ; 1 Binn. 70 ; 3 Caine's, 28 ; 2 Salk. 787 ; 12 Mod. 129 ; 1 Dall. 164 ; 1 Wash. 10 ; Doug. 623 ; 1 Term, 710 ; 2 Inst. 123.]

ORMOND, J.—Many of the questions raised by the assignments of error, and argued at the bar, are supposed to grow out of the agreement entered into between the attornies of the parties.   The validity of the agreement has been assailed, because, as is urged, one of the attorneys acted only for a portion of the distributees.   Conceding that he did not represent them all, we are not able to perceive that that circumstance can avail the other party.   The distributees being notified to attend, were in contemplation of law present, and if not actually present and assenting to it, are concluded by the action of those who in fact attended, and conducted the cause for the benefit of all, precisely as all would have been concluded by the action of the court in making the settlement according to law, if none had attended.

But if this proposition were doubtful, if after hearing of it, they assented to it, and were willing to be bound by it, the other party, who entered into the agreement with knowledge of the fact, that all had not assented to it, would be bound by it.   That is this case.   All the distributees are now parties defendant in this court, insisting on the settlement made pursuant to the agreement, whilst it is attempted to be repudiated by the other party.

The agreement, however, was not necessary to give the court the power which it actually exercised in this case. The agreement speaks of "previous settlements," but in fact there had been no previous settlement made by the adminis-

trators. If partial settlements had been previously made, they would have been considered correct, *prima facie*, but might have been surcharged and falsified, by the distributees on the final settlement, as was held at this term of the court, in the case of Wills' Adm'r v. Willis' Heirs, *supra*.

What appears to have been considered as "settlements," when the agreement was entered into, were *ex parte* allowances made to the administrators at various times; such as the following: "Ordered by the court, that Morgan Brazeale, and Edward F. Brazeale, adm'rs, &c. be allowed the sum of $499 87½, to be paid out of the estate." A similar order allows to Morgan Brazeale, adm'r, $423 31½. and there are others of the same character. No authority whatever is shown upon the record, for making these allowances. They appear to have been made *exparte*, without any cause being assigned for this extraordinary action of the court, and are in truth mere gifts of so much of the estate to the administrators; and without any agreement that the court should reconsider them, it was the duty of the court on the final settlement to treat them as absolute nullities.

It appears also, that one of the administrators set up a claim against the estate in right of his wife, for the board of some one, (but who is not shown,) for twenty years. A jury was empannelled, and by their verdict he was allowed $610 60. which was confirmed by the court. This whole proceeding was a nullity, for the reasons already given, as well as because no sufficient cause was shown, for empannelling a jury, without which no question can be submitted by the Orphans' Court to a jury, as was held in the case last cited.

Such being the nature of what are called "settlements previously made," it was the duty of the court, on the final settlement to disregard them entirely, as they were of no validity whatever. The result therefore was not changed by the agreement which was entered into.

There can be no doubt that the administrators were liable to be charged on the final settlement with claims due the estate, which had been lost by their neglect, as was held in Duffee, adm'r, v. Buchanan, 8 Ala. Rep. 27. Nor, we apprehend, could there be much room for doubt, that an administrator would be held responsible in the same way, for the

value of any property of the estate, whether a *chose in action* or a chattel, which he had converted to his own use. It is not however necessary to determine this point, because no such charge was made against the administrators in this case. The conrt, it is true, declares, "that they had omitted to charge themselves with all the goods, rights and credits, money and effects, which have heretofore come to their possession, as such administrators," but no action of the court follows this declaration. The court immediately proceeds to the examination of the account filed by the administrators, and so far as we can judge from the record, makes no alteration on the debit side of the account. They are charged with the debts due the intestate at his death—with the money left by him, and the amount of the sales made by the administrators of the estate at different times. All of which is shown by the inventories previously returned. If any of these debts were lost without their fault, it certainly was their duty to have shown it. *Prima facie*, they were liable for the amount of the debts due the intestate, which they did not return "desperate," in their inventory, and for the gross amount of the sales made by them. And unless they had shown by their affidavit, that they did not use the money, were properly chargeable with interest from the time the debts matured.

As to the credits, with the exception of the illegal allowances previously made, the Court did not so far as we are informed by the record, or can judge from the account, refuse any credit demanded. The compensation allowed, if that question were open, seems to have been very liberal. $200 was allowed them for travelling expenses, and $517 54 for their trouble. These questions do not however, properly arise upon the record. If it is intended to raise in this court a question as to the propriety of the admission, or rejection of any item of an administrator's account, it must be done by an exception. In this case, it does not appear that any objection was taken to the action of the court, and on its face it appears to be strictly correct.

It remains but to consider the final decree making distribution among the heirs. When the distributees have been cited to attend the final settlement, it is, if regularly made,

conclusive upon them, although they do not attend. So also, the final decree is conclusive upon the administrator as to their right to distribution, as he should have contested this matter at a prior period of the cause. ]McRae, adm'r, v. Pegues, 4 Ala. Rep. 158; Graham v. Abercrombie, 8 Ala. Rep. 552; Parks v. Stoneum, Id. 752, and Watson and Wife v. May, Id. 177.

It was doubtless the proper course to render a separate decree in favor of each of the distributees, when upon a final settlement the amount for distribution in the hands of the administrator is ascertained; if not then made, it may be done at a succeeding term. [Welch v. Walker, 4 Porter, 124.] No decree of distribution can however be made, unless the administrator is actually or constructively present. At the final settlement, he is present, an actor in the proceeding, but if no decree of distribution is then made, he must have notice afterwards, when such a decree is moved for. The necessity for notice is apparent, when it is considered that he is concluded by the decree from contesting the right of those in whose favor the decree is made, to distribution of the estate. Since the final settlement, changes, by death or otherwise, may have taken place, depriving those of the right to a decree of distribution, who were entitled when the settlement took place. These are matters which the administrators had the right to contest, and it was error to make the decree of distribution without a notice to them, setting forth when the decree would be made, and who claimed the right.

It does not distinctly appear from the record, but such is probably the correct inference, that Morgan Brazeale, in whose favor a decree is rendered as distributee, is the same person as the administrator of that name. In such a case, the proper entry would be to permit him to retain his portion of the estate in his hands, instead of a formal decree in his favor. This is however an irregularity which could work no prejudice, and for this cause the decree would not be reversed; but for the error of rendering the decree of distribution without notice to the administrators, the final decree is reversed, and the cause remanded, that a proper decree of distribution may be rendered.