## PARKER AND WIFE v. McGAHA, Adm'r.

1. Advances made to the widow and children by an administrator, cannot be admitted as a credit to him on the settlement of his administration accounts.
2. An administrator is chargeable with interest, from the time money of the estate comes to his hands, unless he makes oath that he has not used the funds, and if he does, it may be controverted, and an issue made up to try the fact.

Error to the Orphans' Court of Coosa.

Upon the final settlement of the estate, the administrator presented as a credit, a claim against the estate of $400, for board and provisions furnished the widow and her family, an account for money paid for pork, corn and bacon, and an account for $35, articles purchased by the widow at the sale. To the allowance of these items as a credit, the plaintiffs in error excepted; also to the allowance of an item of $18, which is put down in the account as witness' fees; and further objected to the mode by which the interest was computed against him, the account showing assets received by him amounting to $739 62, upon which interest is charged for one year on $150, and for three years on $100 33. The court allowed these items to be placed to the credit of the administrator, and computed the interest as above stated, and this is the matter now assigned as error.

Morris, for plaintiff in error:

66

1. The case of Willis, adm'r, v. the Heirs of Willis, is relied on to reverse this judgment.

2. The administrator is chargeable with interest from a period allowing a reasonable time for the collection of the debts due his intestate.

3. If he has charges against the distributees as guardian, he should present them in such character; he cannot blend them with the accounts settled as administrator. [9 Ala. R. 330.]

F. W. Bowdon, contra:

1. The record is silent as to the manner in which defendant kept or used the money of the intestate. If under the circumstances, the defendant was liable for interest, it is presumable the facts would have been spread upon the record. It cannot be assumed as a legal conclusion, that under all circumstances an administrator is chargeable with interest. The court will presume, in the absence of any thing of record to the contrary, that the defendant made the oath required by law, or showed a state of case in which interest is not chargeable. [Clay's Dig. 198, § 28; 2 Williams on Ex'rs, 1132.]

2. An executor is entitled to a reasonable allowance for costs and charges properly incurred in litigation pertaining to the estate committed to him. [8 Porter, 565; 6 Greenl. 48; 6 Hals. 44.]

ORMOND, J.—The allowance to the administrator of the items charged for board and provisions furnished the widow and children, and for money paid for pork, corn and bacon, for the use of the family of the intestate, were wholly unauthorized upon this settlement. Whatever claims the administrator may have against the widow and children, for money or other articles furnished them during his administration, he cannot bring it in as a credit in his account as administrator. Such a blending of his accounts as administrator, and *quasi* guardian, would produce such confusion as to render it impossible to ascertain the share of the several distributees. [Willis v. Willis, 9 Ala. 330.] So also the charge of $35 for articles purchased by the widow at the sale, which so far

from being an item of credit, should have been included in the items of charge of the sale of his intestate's effects.

We cannot say from the record whether the charge of $18 for witness fees was correct or not. It is obvious such a charge might be correct, and as it is not shown to have been improperly allowed, we must presume in favor of the correct action of the orphans' court.

The mode by which the interest was charged against the administrator on the amounts received is wholly unwarranted, by any thing appearing in the record. Our statute requires the orphans' court, in settling with an administrator, to charge him with interest from the time the money comes to his hands, unless he expressly denies upon oath that he has used the funds, and when he does so deny it, those interested in the estate may controvert the statement, and have an issue made up to try the fact. [Clay's Dig. 198, § 28.] No such denial appears in this case, and by reference to the inventory it is shown, that $600 admitted in the account to have been received, was due the 1st January, 1836, and yet upon a settlement made nearly ten years afterwards, the whole amount of interest charged is $36 10. The administrator will also be entitled to interest on all sums disbursed by him, see this question considered in Brazeale v. Brazeale, 9 Ala. 491.

The decree of the orphans' court must be reversed, and the cause remanded for further proceedings.