## PATTERSON *vs.* LEACHMAN.

1. A petition filed by a ward against his guardian's administrator, asking a settlement of his guardianship accounts, is demurrable, when it shows on its face that the guardian's estate has previously been settled as an insolvent estate.

ERROR to the Court of Probate of Greene.

THORNTON, for plaintiff in error:

This application was made under the act of 1845, (Pamphlet Acts, 166-7,) to ascertain the amount due from the guardian, so that the sureties might be sued on their bond, according to the

cases of Snedicor v. Carnes, (8 Ala. 655,) and Eiland v. Chandler, (ib. 783.) The object of the petition is not to get anything from the estate of the defendant's intestate, but simply a decree ascertaining the amount due the ward. The judgment would be, of course, for assets *quando acciderint*, and could not prejudice the rights of those creditors having precedence.

The declaration of insolvency was no bar to the application, and the demurrer should therefore have been overruled.—Dent v. Smith, 15 Ala. 291; Middleton's Adm'r v. Maul's Adm'r, 16 Ala. 481.

PIERCE, *contra* :

The demurrer was properly sustained. The settlement of the estate as an insolvent estate foreclosed all claims which were not presented according to the provisions of the statute.—Clay's Dig. 194, §§ 10, 11, 12; Middleton's Adm'r v. Maul's Adm'r, 16 Ala. 481. There is nothing stated in the petition which can exempt the plaintiff from the provisions of the statute. It does not state that the estate has become solvent, or that there is any surplus remaining in the hands of the administrator.

The case of Dent v. Smith, (15 Ala. 291,) does not meet this case. In that case there was a judgment against the representatives, which was levied on property that could not be treated by them as assets. The court only decided that the failure to present the claim did not extinguish the debt, if there should be any surplus after the payment of the debts filed.

COLEMAN, J.—In this case, the petition of Fleming Patterson sets forth, in substance, that in September, 1830, one James Yates was, by the Orphans' Court of Greene county, duly appointed his guardian, and as such received the sum of $250, the property of petitioner, of which he never made any return or settlement with said court; that said Yates died in 1837, about one year before the petitioner became of age; that thereupon one James A. Beal was duly appointed administrator of said Yates, and afterwards, in 1841, settled up the estate of said Yates, as insolvent, without paying said debt.

The petition further states, that about a year previous to the filing thereof one Robert Leachman had been appointed administrator " *de bonis non*" of said Yates, and prays that a citation be directed to said Leachman, administrator as aforesaid, re-

quiring him duly to appear before said Probate Court, and file his accounts and vouchers for a final settlement of the guardianship of the said James Yates, deceased.

To this petition the defendant filed a demurrer, which raises the question whether the settlement of the estate of said Yates as insolvent, by said Beal as his administrator, in 1841, as set forth in the petition, is a bar to the plaintiff's suit in this case.

In Edwards v. Gibbs, Judge, &c., 11 Ala. 292, it was decided, "That a suit cannot be maintained against an executor who has declared an estate insolvent, upon his official bond, assigning as a breach, that he had not made a full inventory of the assets." The settlement of the estate as insolvent, was made in that case, as in the one under consideration, under the act of 1806, which declares "That if any creditor shall not make out his claim with the commissioners, within the time of their commission, or before referees, or at common law, in the manner this act provides, he shall be forever barred of his debt, or demand, unless such creditor shall find other estate of the deceased, not inventoried by the executor or administrator, before distribution."—Aikin's Dig. 153. The petition in this case shows that the estate of Yates was settled up, in the year 1841, as insolvent, and alleges nothing to bring the case within the exceptions in the statute. The petition is clearly insufficient, and the demurrer was properly sustained by the court.

Let the judgment be affirmed.