[ C. ]

## CANNON vs. COPELAND, Adm'r, et al.

[BILL IN EQUITY FOR ACCOUNT, AGAINST REPRESENTATIVES OF A DECEDENT, FOR SUPPLIES FURNISHED THE FAMILY, AND FOR MONEYS EXPENDED, IN KEEPING PROPERTY OF ESTATE IN REPAIRS, AT REQUEST OF ADMINISTRATRIX.]

1. *Estate authorized to be kept together under section 2263 of Revised Code; when creditor of, may proceed against, in equity, in first instance.*—One who, at the request of the administratrix of an estate, authorized to be kept together under section 2263 of the Revised Code, advances money, goods, or other necessaries, to the distributees, or for repairs of the property, which would be allowed the administratrix on a settlement of her accounts, may proceed directly, in equity, against the estate, and the shares of the distributees respectively, when the administratrix has died, leaving no separate estate.
2. *Same; who are necessary parties defendant.*—In such a suit, the administrator *de bonis non* and the distributees are necessary parties defendant to the bill.

APPEAL from the Chancery Court of Barbour.
Heard before the Hon. N. W. COCKE.

The material facts of this case are as follows : The appellant, Thomas J. Cannon, and John N. Copeland were mercantile partners from 1852 to 1859, when Copeland died. The partnership was insolvent. Copeland had a separate estate of about $25,000, consisting mostly of real property. Mrs. Copeland, a distributee, became the administratrix of her husband's estate, and under an order of the probate court, kept it together until her death in July, 1869. During the time of her administration, the appellant, in order to save as much of the estate as possible for Mrs. Copeland, who was his sister, and the children, supplied, at the request of the administratrix, the family with money, goods and merchandise of various sorts, necessary for their maintenance, and for keeping the property in repair. What he furnished was reasonable, proper and necessary, and could not have been procured without his assistance.

The prayer of the bill is for an account between him and the representatives, and that they be decreed to pay him whatever may be due, and, if necessary, that the property of the estate be sold for the payment. The administrator *de bonis non* and the distributees are made parties defendant. The bill was dismissed for want of equity, and the decree of the chancellor is now assigned as error.

STONE, CLOPTON & CLANTON, F. M. WOOD, and PUGH & BAKER, for appellant.

SHORTER & BROTHER, RICE, SEMPLE & GOLDTHWAITE, and J. T. HOLTZCLAW, *contra*.

[No briefs came into the reporter's hands.]

B. F. SAFFOLD, J.—An administrator has no power to contract a debt against the estate he represents. His duty is to collect the assets, pay the debts, and hold the residue for distribution. His powers and responsibilities, however, have been materially affected by our State legislation.

Section 1902 of the old Code directed that, under certain circumstances, estates might be kept together for a period, not exceeding ten years. When this was done, it became almost indispensable that the administrator should contract some debts, which could not be immediately paid. For such debts, the remedy of the creditor was directly against the administrator. If the administrator was insolvent, or died without estate before payment was made, the creditor was without remedy, unless he could proceed against the property of those who were the beneficiaries of his advancements. In *Coopwood et al. v. Wallace*, (12 Ala. 790,) it was held, that an attorney-at-law, who, at the instance of the administrator of an estate, had rendered valuable services to the estate, might proceed at once against the estate, in equity, to recover his fee, without previously suing the administrators at law; one having removed from the State, and the other being insolvent, and neither having made any charge against the estate for the attorney's fee. The reason given for this decision was, that the estate of the decedent was bound to pay the debt ultimately, and it

Cannon v. Copeland, Adm'r, et al,

was not right to drive the complainant to a foreign juris-diction against one administrator, and to a fruitless suit against the other.—See, also, *Nelson, Carleton & Co. v. Gray's Adm'r et al.*, 5 Howard S. C. R. But a necessary accompaniment of the right to a suit in equity, is that the demand should be one that the administrator would be al-lowed in his settlement.

In the case under consideration, the administratrix is dead, and she was a distributee of the estate. Her inter-est in the estate must be reached by a direct proceeding in equity, or the creditor be driven to an administration on her estate, and finally to a demand on the estate of Cope-land.

When an estate is kept together under the provisions of the Code, some of the duties of a guardian are necessarily thrown upon the administrator. The law itself relaxes the stern rule, that the duties of administrator and guardian can not be blended. An administrator can not create a charge against the estate he represents, but a charge for support may be enforced against each distributee.—*Willis' Adm'r v. Willis' Heirs*, 9 Ala. 330 ; *Coopwood et al. v. Wal-lace*, 12 Ala. 790.

The accounts charged by the appellant are either items for the benefit of the estate, or for the benefit of the dis-tributees. The bill may be defective. Under the order of the court to keep the estate together, the administratrix was not authorized to keep up the family establishment, and to support the family at the expense of the estate.—*Pickens' Adm'r v. Pickens' Distributees*, 35 Ala. 442.

The record must be made to show the charges against each distributee, and those exclusively against the estate. We need not say how this should be done. The bill is not devoid of equity.

There is no misjoinder of parties, and the remedy at law is not adequate.

The decree is reversed, and the cause remanded. The costs of the appeal in this court, and the chancery court, are charged against the appellees, to be paid out of the estate.