# Mitchell v. Nelson.

*Application by Surety on Official Bond of County Administrator for Discharge.*

*County administrator; discharge of sureties on official bond.* — The general administrator of a county is not a "public officer," within the meaning of section 183 of the Revised Code, which authorizes the discharge of the sureties "upon the official bond of any public officer required to be approved by the judge of the Circuit Court, or judge of probate, or chancellor." (SAFFOLD, J., dissenting.)

APPEAL from the Probate Court of Dallas.

MABRY & STERRETT, for appellant.

JOHNSTON & NELSON, *contra*.

PETERS, J. — The appellant, John P. Mitchell, was one of the sureties on the bond of Richard M. Nelson, as the general administrator of the County of Dallas, in this State, and as such he applied by petition to the probate judge of the said County of Dallas, " to make such orders as may be necessary and proper to effect petitioner's release from said bond in due form of law." The petitioner also asked, " that the said R. M. Nelson may be required to give an additional bond, with sufficient security." The ground stated in the first petition is, that petitioner "is in danger of being made liable on said bond, and that in case he should be made so liable, he can have no adequate remedy against said Nelson, in consequence of the inability of said Nelson to discharge such liability." This petition was amended, and in the amended petition the ground

of relief set forth and stated was, that the "sureties" on said administrator's bond "are insufficient for the amount therein named under section 2009 of the Revised Code, and for the purposes thereof." The second petition was put in on oath. Nelson appeared and contested the application. There was some proof, introduced by the petitioner, that one of the sureties on the administrator's bond was insufficient; but there was no proof showing that Nelson was incompetent, or that there was any actual *devastavit* of the estates intrusted to his management. It was also shown that said Nelson had given several other bonds, as such general administrator, both before and after Mitchell had become his surety as above said. On the hearing, the judge of the Court of Probate refused to grant the application, and dismissed the same. To this Mitchell excepted, and he now brings the case here for review. In this court, he assigns as error the refusal of the court below to grant his application.

The main question in this case involves the power of the Probate Court to release a surety on the bond of the general administrator of the county. If any such power exists, it must be derived from some statute conferring it. It does not exist in the general administrator's bond, nor as an incident of his office, unless he comes within that class of *officers* in which the surety may be discharged by authority of the statute, as a public officer. The section of the Code upon this subject, which refers to a public officer, is in these words : " Any person who is security upon the official bond of any *public officer*, required to be approved by the judge of the Circuit Court, or judge of probate, or chancellor, can discharge himself from such securityship whenever he is in danger of being liable on such bond, and can have no adequate remedy against his principal, in consequence of his inability to discharge such liability, upon making an application in writing, setting forth such facts." Rev. Code, § 183. The first petition was evidently filed under this section of the Code ; and if the general administrator of the county is such a "public officer" as that mentioned in this statute, then the petition was properly filed, and the relief asked ought to have been granted. Revised Code, §§ 183 *et seq. ad fin. articuli.*

But is the general administrator such "public officer" as that mentioned in the section of the Code above quoted ? I feel compelled to answer this question in the negative. "An office is a right to exercise a *public* function or employment, and to take the fees and emoluments belonging to it ; " and "An officer is one who is lawfully invested with an office." 7 Bac. Abr. p. 279 ; 20 John. R. 493. A "public officer" is, then, a person who exercises the functions of a *public* office. Under

our law, an administrator is a trustee, whose duty it is to be employed wholly about private rights. *Leavens* v. *Butler*, 8 Porter, 380. His duties are to collect the assets of the deceased, to pay his debts, and distribute the residue among those persons entitled to the same. *Willis's Administrator* v. *Willis's Heirs*, 9 Ala. 330, 334; Rev. Code, §§ 2047, 2060, 2064, 2105, 2119. None of these things are the public functions of a public office; but they are the duties of an administrator, whether he be an ordinary administrator of the estate of a single individual, or the general administrator of the county. Besides, neither administrators nor the general administrator of the county are such *officers* as are required to take any constitutional oath of office, as all "public officers" are required to do. Const. Ala. 1867, Art. XV; Rev. Code, §§ 150, 156. Nor are they required to take the "duelling oath," as all "public officers" also are required to do. Rev. Code, § 149. Nor are they ineligible to and disqualified from holding office, under the authority of this State, as certain persons are who cannot hold any "public office" in this State. Rev. Code, §§ 144 *et seq.* And they are not commissioned as other public officers are commissioned. Rev. Code, § 148. Moreover, certain persons have the right of administration in this State, without regard to those ineligibilities imposed by statute, as disqualifications for a "public office." Rev. Code, §§ 1986, 144, *supra.* I take it for granted, then, as a general rule, that a person who is competent to act as an ordinary administrator may also act as a general administrator of a county.' The duties and responsibilities in both instances are the same, and all the prerequisites of the appointment and bond are the same. Rev. Code, §§ 2000, 2003, 2008, 2009, 2014. The only difference seems to be, that the general administrator has several estates to administer, and the ordinary administrator has but one. Otherwise, the law applicable to both is the same. I think, then, that neither the one nor the other is a "public officer," in the sense intended by the section 183 of the Revised Code. Therefore, the refusal to discharge the surety, on the grounds set forth in the first application, was not error.

The second (or amended) application shows no ground whatever for the discharge of the surety; and the application does not ask a removal of the general administrator. Rev. Code, § 2031. Nor does it appear that the judge of probate deemed it necessary to require an additional bond of the general administrator, in order to secure the interests of the estates confided to his charge. Without this, he could not require an additional bond, or remove him. Rev. Code, §§ 2032, 2037. Then, in neither aspect of the case made in the pleadings, was the applicant entitled to relief.

[Mitchell *v*. Nelson.]

There was no error in the proceedings in the court below. Its judgment is therefore affirmed with costs.

PECK, C. J., concurs in this opinion.

B. F. SAFFOLD, J. (dissenting.) — The question to be decided in this case is presented for the first time in this court. No general definition of the term "office" can be given so significant as to determine infallibly its application. Custom and usage have applied it to various employments, with more or less precision. The division into public and private is vague, because the duties of each are often intermingled.

Sections 183–192 of the Revised Code allow the discharge of a surety upon the official bond of any public officer required to be approved by the judge. of the Circuit, Probate, or Chancery Court, without proof of the allegations which he must make and swear to ; " and the exoneration of one operates as a discharge of all the other obligors. These sections do not apply to ordinary administrators, who are not deemed officers, and as to whom a different provision seems to be made. R. C. § 2018. Do they apply to the general administrator of the county ? Is he a public officer within their meaning ? In *Whitworth* v. *Oliver* (39 Ala. 286), administrators of particular estates are held to be trustees, and not officers. But Chancellor CLARKE, before whom the case was primarily heard, ruled that the position was an office, and incompatible with the office of probate judge. The duties of the general administrator are the same as those of other administrators ; but his position differs from theirs in the following particulars : 1st. He holds his office at the will of the probate judge. R. C. § 2031. 2d. He may resign the office without relinquishing the administration of the estates previously committed to him. R. C. § 2041. 3d. There can be but one for the county. R. C. § 2042. 4th. He is obliged to take any administration committed to him by the Probate Court. R. C. § 2000. All of these dissimilarities are *indicia* of a public office.

If he is not a public officer, his sureties are in worse condition than those of the public officers referred to, or of ordinary administrators. The first may surrender their principal at will, while the second, though they cannot do this, may expect the termination of their liability within some reasonable time. Besides, the responsibility is confined to a particular estate, the embarrassments of which they may know when they consent to be bound. The term of the general administrator's office is indefinite, and may be long protracted.

The sureties of guardians, and of the general guardian for the county, may surrender their principal. R. C. §§ 2418,

[Stallings's Administrator v. Hinson.]

2423. The only reason for the difference, in this respect, between the right of sureties of guardians and of administrators, must be the difference in the probable duration of the respective liabilities.

When an employment may be properly called an office, its public or private character is dependent on the duty to be performed. For instance, a clergyman is a public officer when he performs the marriage ceremony ; and when he acts in his ordinary calling of teaching his congregation he is merely a private person. 4 Conn. 209. It may also be ascertained from its ·incompatibility with another office undoubtedly public. The probate judge could not be the general administrator of his county, because the one is under the control of the other, and may relate to the administration of every estate in the county. 5 Com. Dig. Office, p. 223. Another indication of its character is, that in case of vacancy the duties are to be performed by a public officer. When there is no general administrator, the estates which would fall to him are to be committed to the sheriff.

From all of these considerations, I hold that the general administrator is a public officer, within the meaning of section 183 of the Revised Code.