# Miles *v.* Meade, *et al.*

### *Final Settlement.*

(Decided February 11, 1915. 67 South. 1012.)

1. *Executors and Administrators; Settlements; Different Interest Charges.*—An administrator of A's estate, who is also the executor of B's estate under the will, cannot be legally charged on his settlement as administrator of A's estate, with the funds received and then held as executor of B's estate, where there had been no settlement or disposition of the funds as executor, since he could not be charged as such until he received the funds as such executor, or disposed of them so as to constitute a devestavit, or was guilty of such negligence with reference to such funds as to charge him with having received them. The fact that both administrations were pending in the same court did not change such result as the proceedings were separate and distinct and the interest of the parties might not be the same in each, and the court in one proceeding could not determine the parties in or the extent of their interest in the other proceeding.

2. *Same; Creditor as Administrator; Payment of Debt.*—Where a creditor of an estate is appointed administrator and receives funds of the estate sufficient to satisfy his debt, the law presumes that he will apply them to the payment of his debt, and where a debtor of an estate is appointed administrator, the law charges him with the amount of his debt as assets in his hands, as administrator; but this rule does not apply where one person acts in two representative capacities, and is debtor to the one and creditor to the other.

3. *Same; Settlement; Payment to Distributee.*—Under section 2476, et seq., a proceeding for final settlement by an administrator is partly in the nature of a proceeding in rem; hence, it is immaterial that a motion to charge him with funds wrongfully paid to the distributee, is made by one of such distributees.

APPEAL from Montgomery Probate Court.

Heard before Hon. CHARLES B. TEASLEY.

Final settlement of the estate of George G. Miles, by the administrator, with contest by Bessie Miles Meade and others, distributees. From the judgment of the court refusing to allow credits and charging the administrator with certain sums, he appeals. Reversed and remanded.

George G. Miles, Jr., was appointed administrator with the will annexed of the estate of his father, George

G. Miles, Sr., May 3, 1912, and at the same time qualified as executor of the last will and testament of his mother, Mattie H. Miles, who died prior to her husband. On January 19, 1914, the appellant, as administrator, filed his accounts and vouchers in the probate court of Montgomery county for a final settlement of the administration of the estate of his father. The count showed that he had a balance on hand at the time of the partial settlement in December, 1913, of $1,547.87, and he sought credit on this account for amounts advanced by him to the legatees and distributees aggregating $1,-544.16. It is shown without conflict that the estate of George G. Miles, Sr., at the time of the final settlement, still owed debts aggregating over $7,000, represented in the greater part by notes made or indorsed by decedent in his lifetime, which notes were held by Montgomery Bank & Trust Company, and other debts, the amount of which is not given. The said George G. Miles had never made a settlement or accounting as executor of the estate of his mother, although the record shows that there was then pending in the probate court of Montgomery county proceedings to that end; he having filed his accounts and vouchers for such final settlement. These proceedings show that Mattie Miles owed no debts, and that he had collected, as executor, the sum of $3,862.97 on the estate on a policy of insurance issued on the life of said George G. Miles, payable to said Mattie H. Miles, her heirs, executors, and administrators, and that the said executor had used the proceeds so collected by him some time before this settlement. Bessie Miles Meade was one of the legatees and distributees of the estate of George G. Miles, Sr., and others, filed a contest of said items of credit claimed by the administrator and filed a motion to charge administrator with the sum of $1,931.48, being one-half of the pro-

ceeds of the policy above referred to, and the court sustained the motion to charge the adminisrator with such sum, and also refused to allow the administrator credit for any of the advancements made by him to himself and the other distributees of the estate.

JOHN R. TYSON, and J. LEE HOLLOWAY, for appellant.

RUSHTON, WILLIAMS & CRENSHAW, for appellee.

MAYFIELD, J.—This appeal involves two questions: First. Can a person who is both administrator of A.'s estate, and executor of the last will of B., be legally charged, on his settlement as administrator, with funds which he received and then holds as executor, there having been no settlement or disposition of the funds as executor? Second, If an administrator, without an order of court, has prematurely paid to a distributee of the estate money which is liable to the claims of creditors of the estate, can he be charged with the money so paid, on final settlement of the estate, on motion of the distributee to whom the payment was wrongfully made? We answer the first question in the negative; the second in the affirmative.

(1) As to the first question, the mere fact that funds which the representative holds as executor may or will ultimately come into his hands as administrator, will not authorize the court, in his settlement as administrator, to so charge him. He cannot be charged in this capacity until he has received them in such capacity or otherwise, or has so disposed of such funds as to constitute a devastavit, or is guilty of such neglect as to such funds as that he would be chargeable with having received them or their value. Neither does the mere fact that both administrations are pending in the same court

[Miles v. Meade, et al.]

change the result in this case. The two proceedings are nevertheless separate and distinct, and should be so treated. All the parties interested may not be the same; and the court, on a hearing of one proceeding, would not be authorized to determine who all the interested parties are, in the other proceeding, nor the extent of their interest in the other proceeding; nor could it even bind the parties in the one proceeding as to what their interest was or would be in the other proceeding: These would be matters res inter alios acta.

We have been unable to find a case where an administrator was sought to be charged with funds which he held as executor, or vice versa; but we find cases where he was sought to be charged with funds which he held as guardian, and in other representative capacities, and in every instance of this kind it was held that he could or should not be so charged, until the funds came into his hands as administrator, or there were such steps taken by him, touching the funds, as would amount to a devastavit thereof.

In the case of *McPhillips. v. McGrath,* 117 Ala. 562, 23 South. 724, the court, speaking of liability for a fund held by a register, said: "The question, in principle, is not distinguishable from that which occurs when a personal representative—an administrator or executor—unites with his relation that of guardian for infant distributees or legatees. In such case, before he is relieved from duty and liability in the primary capacity of personal representative, and duty and liability as guardian attaches, there must be separation of the assets he intends to take and hold as guardian from the assets of the estate; there must be, as to such assets, a termination of authority as personal representative, and to them authority and duty as guardian must attach.—

*Davis v. Davis,* 10 Ala. 299; *Whitworth v. Oliver,* 39 Ala. 286."

In the case of *Davis v. Davis,* above, the court said: "Where the offices of executor and guardian are united in the same person, he holds the estate in his hands as executor, and does not hold anything as gurdian which is not separated from the assets of the estate and placed to his account as guardian. To ascertain the amount in his hands as executor to which the ward is entitled, it is obvious a settlement of his accounts as executor would be necessary."

This doctrine has been followed in a long line of cases, and it appears to be founded on reason.

In the case of *Hutton v. Williams,* 60 Ala. 107, it is said: "The general principle is that, if the offices of executor or administrator and of guardian are united in the same person, and the guardian, in that capacity, can acquire possession only from the executor or administrator, as guardian he does not hold the assets until they are separated and distinguished from the assets held as executor.—*Davis v. Davis,* 10 Ala. 299. The principle involves the existence, at the same time, of two distinct fiduciary relations."

If the administrator had treated the funds in question as funds of the estate of the father, he might be liable as administrator therefor; but if he received the funds as executor, and holds them as such, and nothing appears to amount to a devastavit as administrator, then he should be charged, not as administrator, but as executor. We do not mean to now decide that a settlement as executor would, in all cases, or in any possible event in this case, be necessary in order to charge appellant, as administrator, with funds which he received as executor; but it must be made to appear that he has received the funds as administrator, or has so acted, or

so failed to act, that he can be charged as having received the funds as administrator (which is not made to appear in this case) ; and it follows that the probate court erred in so charging him on his settlement as administrator.

(2) We do not doubt the correctness of the proposition insisted upon by appellee that, if a creditor of an estate is appointed administrator of the estate, and receives funds of the estate sufficient to satisfy his debt, the law presumes that he will apply the proceeds to the payment of his debt, and that, if he is a debtor of the estate, and is appointed administrator thereof, the law charges him with the amount of the debt as assets in his hands as administrator. But this rule does not apply where one person occupies two offices, or acts in two representative capacities, and is debtor as to one and creditor as to the other.

(3) The second proposition: If this were a suit strictly inter partes, the distributee having received money from the administrator as her distributive share of the estate, she would be estopped from having the administrator charged again with this amount so paid, even if it were wrongfully so paid. She would not be allowed to receive and keep the money so paid, and then charge the administrator with having wrongfully paid it to her. This, however, is not a proceeding strictly inter parties; it is one in the nature of a proeeding in rem, but is not wholly such. Section 2476 et seq. of the Code make it the duty of the court or of the probate judge to audit the account of the personal representative, and to require him to make proof of the correctness of each item on the credit side of the account. So it is immaterial that the motion to charge the administrator with funds wrongfully paid to the distributees was made by one of the distributees who had wrongfully received

such funds. The court was not only authorized to so charge the administrator, but it is by statute made the duty of the court so to do. While the administrator may have some redress against the distributees so receiving the funds to which they were not entitled, it cannot be accorded on the final settlement by omission to charge him with the funds so wrongfully paid out. This would deprive creditors and other distributees of funds to which they are by law entitled, and the probate court should not decline to so charge the administrator merely because moved so to do by one who had wrongfully received the funds. The rights and duties of an administrator as to advancing to distributees are well stated in the case of *Dickie v. Dickie,* 80 Ala. 57, 59, where it is said: "The administrator was allowed a credit for money advanced to the widow. The duty and authority of an administrator are to receive and collect the expenses of administration, and distribute the residuum among those entitled. Money advanced to a distributee during the administration is not money paid on account of the estate; and the allowance on his account as administrator of a credit for money so advanced is unauthorized. Such mingling of accounts tends to produce confusion, and to render it difficult, if not impracticable, to ascertain and equalize the shares of the several distributees. The money advanced to the widow should have been disallowed as a charge against the estate, and charged against her distributive share after it had been ascertained.—*Willis v. Willis,* 9 Ala. 330; *Parker v. McGaha,* 11 Ala. 521."

It follows that there was no error in charging the administrator on settlement with the amount paid the distributee, although it was so charged on the motion of such distributee.

For the error in charging the administrator with the funds which he received as executor, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.