## BROWN & CO. v. EASLY, Adm'r.

1. It is not necessary that an affidavit should be made to a claim filed against an insolvent estate, at the time it is filed. If an exception is taken to it for this cause, such affidavit may be made at any time, before the estate is set by the statute for final settlement.

2. The creditors, or the administrator, have the right to require that an affidavit should be made of the justice of any claim, which is filed.

Brown & Co. v. Easly, Adm'r.

Error to the Orphans Court of Talladega.

THE estate of Eli Shortridge being reported insolvent, by the defendant in error, and an order made for the creditors to file their claims, the plaintiffs in error filed an account in the clerk's office, against the estate, within the time prescribed by law, and verified by affidavit, but not by the oath of the plaintiff. The administrator filed an objection to the allowance of the account, because it was not verified by the oath of the plaintiff, and thereupon, but after the time for filing such claims had elapsed, one of the plaintiffs made affidavit to the correctness of the account.

Upon the settlement of the estate, a jury being impannelled to try the justice of the claims, the court instructed the jury that if this claim was not verified by the oath of the plaintiff, within six months after the decree of insolvency, or at least before an exception was filed to it by the administrator, they must reject it. To which the plaintiffs excepted, and now assign as error.

W. P. CHILTON, for plaintiff in error.
RICE, contra.

ORMOND, J.—In Hollinger v. Holley, 8 Ala. Rep. 454, it was held, that a claim filed within the time required by law could not be rejected for want of an affidavit, unless an exception was taken to the claim, in the mode pointed out by the act. It results necessarily from this decision, that the want of an affidavit by the claimant, within the six months allowed for filing claims, is not a sufficient reason for rejecting the claim, because the necessity for such affidavit only becomes necessary by an exception taken by the administrator, or by a creditor, and this may be taken at any time within three months after the time for filing claims has elapsed.

The statute allows six months for filing claims, but does not in terms require an affidavit to be made, by the claimant, within that period. Three months longer is allowed by the act, to the creditors and the administrator, to examine the claims so filed, and to make their objections to them in writ-

ing, after which an issue is to be made up to try such as are contested. It follows necessarily, that if the claim is objected to by the creditors, or administrator, for want of the affidavit of the plaintiff, he may supply the omission at any time before the estate is by the statute set for final settlement; the precise object of making such objections being, to apprize the claimant of the objections made to his claim, that he may come prepared to answer them at the final settlement.

We think with the counsel for the defendant in error, that the creditors, or the administrator, have a right to the oath of the claimant to the justice of his claim, no matter what its character may be, and if it is not made on their objection, within the time prescribed by law, the claim must be rejected by the court. Such an affidavit being made in this case, within the proper time, the court should not have rejected the claim, but should have permitted the plaintiff under the issue made up, to prove its correctness.

Let the judgment be reversed and the cause remanded.