## LAPSLEY AND NORRIS, Adm'rs, v. GOLDSBY.

1. The court may in its discretion, permit an affidavit to be filed of the justice of a claim against an insolvent estate, after the day appointed for the examination of the claims, if a decree has not been rendered, directing distribution among the creditors.

2. The indorsement on the claims, of the word "rejected," with the understanding that no entry of the facts should be placed on the minutes of the court, was not such a final adjudication upon the claims, as would foreclose all further action in the matter.

Error to the Orphans' Court of Dallas.

THE estate of William Rutherford being declared insolvent on the 14th July, 1845, certain claims were filed in the clerk's office against said estate, on the 3d May, 1845, and on the 9th March, 1846, the plaintiffs in error filed a written exception to the allowance of these claims, because not verified by affidavit. At the September term of the court, the cause was set for hearing, of which due notice was given; and objection being made to the allowance of said claims for want of the necessary affidavit, the claims were rejected, the judge of the orphans' court writing upon the back of each, "rejected," but no entry of their rejection was made upon the minutes of the court.

At the May term, 1847, the defendant in error, who claimed to be the owner of the notes rejected, appeared, and moved for leave to file the necessary affidavit. This was allowed, though opposed by the administrators, the affidavit made, and the claims allowed. There was no apportionment of the estate, or distribution of the funds amongst the claimants, either at the September term, 1846, or at the May term, 1847. The administrators filed an exceptive allegation, and now present this matter for revision.

J. W. LAPSLEY and W. H. FELLOWS, for plaintiffs in error.
G. R. EVANS, for defendant in error.

COLLIER, C. J.—1. It is objected that the claim filed against the insolvent estate, was not verified by affidavit within the time prescribed by the act of 1843 for filing such claims. In Hollinger v. Holley, 8 Ala. Rep. 454, it was decided that a claim filed within the time prescribed by the statute, could not be rejected for want of an affidavit, unless an exception was taken to the claim. And in Brown & Co. v. Easley, 10 Ala. Rep. 564, we said, "The statute allows six months for filing claims, but does not in terms require an affidavit to be made by the claimant within that period. Three months longer is allowed by the act to the creditors

and the administrator, to examine the claims so filed, and to make their objections to them in writing, after which an issue is to be made up to try such as are contested. It follows necessarily, that if the claim is objected to by the creditors, or administrator, for want of the affidavit of the plaintiff, he may supply the omission at any time before the estate is by the statute set for final settlement." See also Shortridge v. Easley, Id. 520. The eleventh section of the act referred to, provides that the executor or administrator of an insolvent estate shall make a settlement of his accounts, at such time (not less than nine nor more than twelve months from the time the estate is declared insolvent) as the court may appoint; and at such settlement the court shall adjudge to each creditor whose claim shall have been allowed, his rateable portion of all moneys then found due from the executor or administrator, reserving in the hands of the executor or administrator, money to meet the claims that may be contested and undecided: *Further*, "a similar settlement and rateable distribution shall be made every six months thereafter, at such times as the court may appoint, until the estate shall be finally settled and distributed." Clay's Dig. 194, § 12.

In Brown & Co. v. Easley, we said that the affidavit may be made "any time before the estate is by the statute set for final settlement;" that is, the claim shall not be rejected if it was then verified. But we did not intend to be understood that the court might not allow the claimant to make the affidavit even after the day appointed for the examination of the claims. We think within the time stated, the claimant as a matter of right may file his affidavit, and the court in its discretion may permit it to be filed afterwards if a decree has not been rendered, directing distribution amongst the creditors. The record does not show the rendition of such a decree, and consequently there is no error in allowing the claims to be verified.

2. The indorsement on the claims of the word "rejected," with the understanding that no entry of the fact should be placed upon the minutes of the court, was not such a final adjudication upon the claims as would foreclose all further action in the matter. It might perhaps serve as a memorandum to guide the court in perfecting its decree; but in itself

could not operate as a judgment. Until the claims were examined, passed on, and the decree rendered as directed by the eleventh section of the act of 1843, the settlement of the estate, and the litigation between the creditors and the administrator, should be considered *in fieri*. A decision announced *pendente lite* might be revoked, and the opposite conclusion embodied in the final decree. See Willis's adm'r v. Willis's heirs, 9 Ala. Rep. 330; Cunningham and wife v. Pool, Id. 615.

Neither of the points made by the plaintiffs are well taken. We need not consider whether the interest of the defendant in error is so shown by the record as to make him a proper party to the proceeding in this court; for however this may be, the writ of error should not be dismissed, but amended by substituting, if necessary, the name of the individual who filed the claims.

Our conclusion is, that the decree must be affirmed.