PHILLIPS, ADM'R, &c, vs. THOMPSON & WIFE, EX'R & EX'RX, &c.

1. Where defendants in the Orphan's court, are sought to be charged as executor and executrix, they cannot insist upon a credit, for what the executrix is entitled to individually.

2. The Orphan's court, in adjusting the claims of parties before it, has no jurisdiction of an off-set, consisting of a claim on an estate not under its control.

3. An administrator is entitled to compensation for services, and also to retain money expended by him about the business of the estate.

Error to the Orphan's court of Madison county.

In this case, it appears that Mrs. Thompson, who was the wife and executrix of Mills Ely, intermarried with her present husband, who became an executor in her right. The estate of the testator being reported insolvent to the Orphan's court of Madison, (from which the defendants received letters testamentary,) the final settlement of the same was brought before the the judge of that court; whereupon the plaintiff, as administrator of

Ann Hancock, (under a grant of administration from the court of some county in Virginia,) presented a well authenticated claim against the estate of the defendant's testator. Mrs. Hancock left three children living at the time of her death, one of whom married, and died, without having received her portion of her mother's estate. Mrs. Thompson, it appears, was a daughter of Mrs. Hancock, and claims a distributive share of the estate of her mother, and set up her claim on her mother's estate, as an off-set to the demand of Phillips. The Orphan's court allowed Thompson and his wife, to retain as her distributive share of the estate of Mrs. Ann Hancock, one-third of the demand of Phillips, &c. without allowing Phillips commissions for settling Mrs. Hancock's estate; to correct which decree of the Orphan's court, Phillips sued out his writ of error. A part of the estate of Mrs. Hancock, it appeared also, was yet in the State of Virginia, where she died.

*Crabb & Cochran,* for plaintiff in error.
*McClung,* contra.

COLLIER, C. J.—It is objected to the decree of the Orphan's court, that it is erroneous—

1. Because it allows the defendants to retain as the wife's distributive share of the estate of Ann Hancock, the plaintiff's intestate, one third of the plaintiff's demand—and further, diminishes his recovery, by setting off the wife's distributive share of so much of the intestate's estate, as was in the State of Virginia ;

2. That it makes these deductions without any allow-

9 P 84

ance to the plaintiff, (as administrator of Ann Hancock,) for commissions in settling his intestate's estate, or to reimburse his expenditures for costs, &c.

1. The Orphan's court possesses a limited jurisdiction in testamentary matters, so that those claiming interests in the estates of deceased persons, in order to their adjustment, are sometimes compelled to resort to another tribunal, possessing a more enlarged power over the subject—(Leavens vs. Butler and wife, 8 Por. R. 380.) There are many equities which may arise in the settlement of an estate, between its representatives and a creditor, distributee, or legatee, which can only be determined in equity. If there were mutual demands existing between the testator and intestate and a creditor; upon the estate's being reported insolvent by the executor or administrator, it would certainly be proper to examine the accounts on both sides, and only render a decree for the balance in favor of the creditor, according to the scale of payment that might be fixed on. But such is not the present case. Ann Hancock was not indebted to Mills Ely to any extent—the indebtedness was all in her favor, and her administrator, in attempting to coerce payment of Ely's executor and executrix, is met with a claim set up by the latter, (who was the daughter of the plaintiff's intestate,) to a distributive share of her mother's estate. The defendants, it is clear, cannot be allowed to lessen the plaintiff's demand, by showing that they are authorised to call on him, to pay over to them Mrs. Thompson's portion of this estate. The principles applicable to off-sets at law, inhibit such a pretension:—there is a want of mutuality in the respective claims. The

defendants are sought to be charged as executors, while they insist upon a credit, for what the executrix is entitled to individually.

Apart from this view, the Orphan's court of Madison could only exercise a jurisdiction over the estate of Mills Ely, whereas by its decree, it has determined not only what the plaintiff was entitled to from that estate, but what was the interest of the defendants in the estate of Ann Hancock.

In allowing to the defendants, Mrs. Thompson's share of her mother's estate, the course of administration of that estate, according to the laws of Virginia, may have been disturbed. Mrs. Hancock may have left debts unpaid, and her daughter, who has died since her decease, may have been the cause of incurring debts which are still unsettled. In any view, the jurisdiction assumed by the Orphan's court, cannot be maintained.

The jurisdiction of chancery is ample over this subject, and it is not improbable that the defendants may make out such a case, as to entitle them to its interference—(Dobbs et al. vs. Distributees of Cockerham, 2 Porter's R. 341.)

2. There can be no doubt but an administrator is entitled to a just compensation for his services in settling an estate. What would be a proper allowance, must depend upon the circumstances attending each particular case. So, if an administrator has expended money about the appropriate business of the estate, he should be allowed to retain it on settlement.

Even supposing, then, that the Orphan's court was authorised to have given to the defendants, Mrs. Thomp-

son's share of Mrs. Hancock's estate, yet it should have been charged with its due proportion of commissions and costs to the plaintiff, as its administrator.

Whether the surviving husband of Minerva Hancock, is entitled to her personal estate, not reduced into possession in her life-time, must depend upon the laws of Virginia; and as the question cannot regularly arise before the Orphan's court, it need not be here considered.

In both the grounds of exception to the decree, there is error;—the decree is consequently reversed, and the case remanded.