## CARROLL, ET AL. v. MOORE, ADM'R.

1. The sureties of an administrator, who has left the State, may appear and represent him on the final settlement, and will be entitled to reduce the decree, by the value of his services rendered as administrator.
2. No question can arise in this Court, as to the reasonableness of the compensation, unless made in the Orphans' Court.
3. An administrator, has who paid any of the distributees, may on proof of the fact, have satisfaction entered.
4. The Orphans' Court cannot decree, that the sureties, on satisfying the decree rendered, be discharged from further liability—that can only be ascertained, by a proceeding upon the bond itself, before a competent tribunal.

Error to the Orphans' Court of Sumter.

FROM the record it appears, that Moore was, on the 16th of June, 1841, appointed administrator of the estate of Jacob Carroll, and executed a bond with Michael Carroll, John Boyd and Emanuel M. Walker, as sureties, and took upon himself the administration of the estate.

On the 14th December, 1843, the Court revoked the letters of administration, upon the ground, that Moore had removed, without making settlement of his accounts, and appointed an administrator *de bonis non*.

At March term, 1844, the record recites, that publication had been made, requiring Moore to file his accounts, and that his sureties appeared and filed an account current, and vouchers, for a final settlement, and the 24th May, 1844, set for final settlement, and publication ordered.

Upon the 24th May, the Court proceeded to hear exceptions to the accounts, and made a final decree, charging Moore with $17,627 48, and allowed him for slaves divided, $9,675, for services, $1,327 05, for insolvencies, uncollected claims, &c. $14,230 44, and decreed $3,397 04, for distribution between the distributees, six in number, being $666 17 to each, for which a decree was rendered, and the sureties discharged from further liability, on paying the amount decreed.

The sureties also produced conveyances from two of the distributees, Michael H. Carroll and George W. Smith, of their interest in said estate, which conveyances had been duly proved and recorded, and the Court decreed, that the administrator be allowed *to retain in his hands, the amount decreed to such distributees* respectively.

From this decree, a writ is now prosecuted, and errors assigned :

1. The Court erred in proceeding to a final settlement, upon an account stated by the sureties.

2. In awarding the distributive share of Michael Carroll to the administrator.

3. In allowing commissions to Moore, when he had left the State.

4. In discharging the sureties from further liability.

LYON, for plaintiff in error, cited 4 Paige, 102 ; 7 Id. 112 ; 1

Carroll, et al. v. Moore, Adm'r.

Dev. Eq. 269; 4 Dess. 369; 3 Camp. 451; 3 Taunton, 32; 1 Starkie, 113; 3 Id. 161.

Hopkins and W. R. Smith, contra, cited 4 Ala. Rep. 521, 572; 2 Lomax, 328; 6 Leigh, 277; 9 Port. 667; 2 Ala. Rep. 195; 1 Id. 597; 7 Porter, 275.

ORMOND, J.—By the act of 1843, (Clay's Dig. 230, § 47,) the Judge of the Orphans' Court is required to state an account from the best information in his power, when an executor or administrator shall have removed beyond the jurisdiction of the Court. In this case, the administrator having removed beyond the State, and being cited for final settlement, his sureties appeared and filed an account, with the accompanying vouchers, which the Court received, and set a day for final settlement. The sureties of the administrator being responsible for his administration of the estate, had the right to represent him, in his absence, and the reception of the account stated by them, was an adoption of it by the Court. Nor could any one by possibility be prejudiced by it, as every item contained in the account was open for contestation, upon the final settlement by the distributees. It might indeed be questioned, whether this objection could be made here, after it was acquiesced in, in the Court below.

The established practice in this State, is, to allow executors and administrators a reasonable compensation for their trouble, which has been recognized by this Court, in Philips v. Thompson, 9 Porter, 667. It can make no difference, that in this case the administrator had removed from the State. It appears from the record, that previous to his removal, he had distributed the principal part of the estate, and his sureties were certainly entitled to the benefit of the compensation, to which he would have been entitled, in reduction of the amount for which a decree was finally rendered against them. Whether the allowance made was reasonable or not, we have not the means of determining, nor is the question, in this aspect, presented on the record, as no objection was made in the Court below.

The Court having rendered separate decrees, in favor of each of the distributees, made an order, that as to two of them, M. H. Carroll and G. W. Smith, the administrator be allowed to retain in his hands the amount decreed in their favor.

We think it cannot be doubted, that the administrator, on settlement of the estate, may prove that he has paid the amount due to a distributee, and have satisfaction entered upon the record. No conceivable benefit could be accomplished, by rendering a decree upon which an execution could issue in favor of a distributee, who had been paid off in full. Nor could any injury accrue by the entry of satisfaction, as the distributee to be affected by it, would be a party to the settlement, to controvert the fact. But in this case, there was no sufficient proof of the fact. The only evidence was the production of deeds, conveying the interest of the two distributees to the administrator, which the record recites, had been duly proved, and recorded. These were not such instruments as the law requires to be recorded, and the *ex parte* proof by the witnesses before the clerk, was no evidence of their execution; it was therefore error in the Court to act upon them, as proved, but should have required proof of their due execution.

The Court had no power to decree that the sureties of the administrator be discharged from further liability, upon payment of the decree then rendered against them. As it regards the matters embraced in, and litigated upon, in this settlement, doubtless the decree, if not reversed, and discharged, by the sureties, is a full protection to them. This immunity, does not depend upon the volition of the Orphans' Court, in discharging, or refusing to discharge, the sureties from liability, but by operation of law, from their having *pro tanto*, complied with the condition of their bond. The bond itself, was not a matter in litigation before the Court, and therefore the Court could make no decree affecting it. The bond will remain operative, as a security, until the conditions are all performed—the penalty of the bond is exhausted, or it is barred by the statute of limitations; and whether these defences, or any of them, exist, can only be ascertained by a competent tribunal, in a suit upon the bond itself. The action of the Orphans' Court, in this instance, is merely void.

Let the decree be reversed, so far as it authorizes the administrator to retain in his hands the amount decreed to M. H. Carroll and G. W. Smith, and the cause be remanded, to enable the administrator, if he thinks proper to do so, to prove the payment to them, of their distributive shares.