# LANDRETH'S Adm'r v. LANDRETH'S Distributees.

1. An administrator having, on his final settlement, filed receipts for money paid the guardian of an infant distributee, and claimed a credit to the amount of the payment, upon the decree in favor of that distributee, which was disallowed by the orphans' court, and its judgment affirmed by this court, cannot afterwards move the orphans' court to have satisfaction entered upon the decree, to the extent of the payment shown by the receipts.

Writ of Error to the Orphans' Court of Cherokee.

In October 1844, the plaintiff made a final settlement of his accounts as administrator of the estate of Thomas Landreth, deceased, with the orphans' court—having previously filed as vouchers with his account, certain receipts for money paid the guardian of the infant distributees of that estate, for which he claimed a credit. These receipts were passed on, and the payments indicated by them adjudged not to be proper credits for the administrator. Thereupon several decrees were rendered in favor of each distributee for the sums due them respectively, which were affirmed by this court on error. In July, 1846, after a notice to the guardian of the distributees, a motion was made to the orphans' court, to have satisfaction entered upon the decrees to the extent of the payments shown by the receipts. This motion was overruled, upon the ground that the subject matter of it had been previously adjudicated, and the payments disallowed.

A. J. WALKER, for the plaintiff in error, insisted that the payments might be allowed after a final judgment on decree, on motion to the court in which it was rendered, that the present case was the first motion that was made for that purpose; and that the disallowance of the receipts upon the settlement of the administration was, not such an adjudication as could be set up in bar of the proceeding. [Carroll, et al. v. Moore, Adm'r, 7 Ala. Rep. 615; Landreth's Adm'r v. Landreth's Distributees, 9 Id. 430.]

L. E. PARSONS, for the defendants in error, insisted, that the writ of error could not be supported, and that there should be several writs against each of the distributees. [4 Stew. & P. Rep. 409; 6 Porter's Rep. 208, 414.] But if this ground be unavailing, he contended that the previous action of the orphans' court, was a sufficient reason for overruling the motion; and if this objection was out of the way, no injury resulted from the ruling of the court, as the evidence of the payment was inadmissible.

COLLIER, C. J.—In Carroll, et al. v. Moore, Adm'r, 7 Ala. Rep. 615, it was held, that an administrator, on the settlement of the estate represented by him, may prove that he has paid the amount due to a distributee, and have satisfaction entered on the record. It was added that "no conceivable benefit could be accomplished by rendering a decree upon which an execution could issue in favor of a distributee, who had been paid off in full. Nor could any injury accrue by the entry of satisfaction, as the distributee to be affected by it, would be a party to the settlement, to controvert the fact." In that case, the entry which destroyed the vitality of the decree, was made simultaneously with its rendition, and was fully sustained by the facts. No question of *res adjudicata* arose, and what was said by the court is to be taken in reference to the case before it.

If payments are made by the administrator, previous to the settlement and order of distribution, he should then attempt to avail himself of them; and if made afterwards in satisfac-

81

tion of the decree, either in whole or in part, he may move the court to have them entered of record, and the decree thus far declared inoperative. Whether, if previous payments have not been brought into the settlement, it would be permissible for the court to apply them in discharge of the decree, is a question not now presented. We are however of opinion, that as the administrator filed the receipts of the guardian as vouchers, and insisted upon being allowed the benefit of them as credits against the distributees' shares, was overrruled, and then presented the question to this court, which sustained the ruling of the orphans' court, no proceeding can there be instituted which raises the same point for decision. The motion to enter satisfaction *pro tanto* upon the sums adjudged to the respective distributees, brings up the precise question, and the rule which maintains the conclusiveness of the judgments, decrees and sentences of a court of competent jurisdiction, upon a matter brought regularly before it, applies with all force. We may add, that the case cited by us maintains the authority of the orphans' court to examine and decide upon the extent of the administrator's indebtedness to the distributees; and the statute entitles the party supposing himself aggrieved to a bill of exceptions and a writ of error.

We do not deem it necessary to consider the objection to the writ of error—the defendants assenting to waive it, as the opinion of this court is in their favor upon the merits of the controversy; and besides, under our very liberal statute, it might, if necessary, be so amended as to make a case for our decision, at least as against one of the distributees. It remains but to add, that the order overruling the motion is affirmed.