# SLATTER AND WIFE v. GLOVER, Adm'r.

1. A decree of the orphans' court, settling an estate, and adjudging to the distributees their respective shares, cannot be vacated, or satisfied, nine months after it is made, either upon proof that the plaintiff had released previous to the trial of the cause, or that the demand had been satisfied previous to the trial, and there had been a neglect, or failure to make defence.

Error to the Orphans' Court of Marengo.

At the June term, 1845, of the orphans' court, a settlement was made by the court, of the estate in the hands of the defendant in error, and the sum of $2,583 85, was decreed to the plaintiffs in error, as their share of the estate. It appears that at the time of the rendition of this decree, the administrator claimed to have satisfaction entered as to the distributive share of Slatter and wife, and produced an assignment of said share by Slatter and wife, to J. Glover, his intestate; but no definite action was then had, and no exception taken by the administrator.

On the second Monday of April, 1846, the defendant in error moved the court to enter satisfaction of the decree, upon the ground, that the same had been satisfied. Second; upon the ground that he is the assignee, and owner thereof.

Upon the hearing of this motion, evidence was introduced by the administrator, to prove the fact of the assignment of Slatter and wife, of their distributive share, and evidence was also offered by them to impeach the consideration of the assignment, as well as of the fact, that the motion to enter satisfaction was made, when the former decree was rendered. Upon all this testimony, the court directed satisfaction to be entered of the decree; to all which the plaintiffs filed an exceptive allegation, and which they now assign as error.

A. R. Manning, for plaintiff in error.

1. The very question at issue, at the time the decree was

Slatter and wife v. Glover, adm'r.

rendered, (although no formal pleadings to issue were filed, or ever are in the orphans' court,) was, how much, if any thing on account of the estate, does the administrator owe to each distributee? And the judgment of the court upon that issue is conclusive of all previous matters, (such as this pretended assignment was,) and can be avoided only by being set aside in a superior court. Mitchell v. Sanford, 11 Ala. R. 697; Broughton v. McIntosh, 1 Id. 103; Legatees of Grayson v. Horn, 7 Porter, 275; Simms v. Thompson and wife, 1 Dev. Eq. Rep. 197; Clarke v. West, 5 Ala. Rep. 127; Parks v. Stonum, 8 Ala. Rep. 757.

2. This assignment was then insisted on, and not allowed by the court; and if the administrator was aggrieved by its action, he ought to have excepted to it, so as to subject it to the revision of a higher tribunal. See the cases, *supra*, and Landreth's adm'r v. Landreth's distributees, 12 Ala. R. 640.

BYRD & BROOKS, contra.

1. An administrator may, after a decree is rendered against him in favor of a distributee, move the court to enter satisfaction of such decree, if the same has been paid or advanced by the administrator. Carroll et al. v. Moore, adm'r, 7 Ala. R. 615; Landreth's adm'r v. Landreth's distributees, 12 Id. 640.

2. The court, upon the facts, properly entered satisfaction of the decree in this cause.

3. The receipt was given in full, and is conclusive in the orphans' court upon the plaintiffs in error, if there was any consideration for the same.

4. That even if there was a fraud, which is not sustained by the evidence, and there was a valuable consideration passed to the plaintiffs in error, the receipt would be conclusive on them in a court of law.

5. Fraud is to be proven, not presumed. Hill on Trustees, 154; Law Library.

6. If the assignment is to be attacked on the ground of inadequacy of consideration, the plaintiffs must go into equity, where all the matters can be fully investigated, and complete justice done. Johnson v. Johnson, 5 Ala. 90.

7. The orphans' court cannot exercise chancery jurisdiction, except where it is given by statute. Harrison v. Harrison, 9 Ala. 470; Leavens v. Butler, 8 Porter, 380; Portis v. Creagh, 4 Id. 332; Taliaferro, adm'r, v. Bassett, wife, et als. 3 Ala. 672.

COLLIER, C. J.—A decree of an orphans' court settling an estate, and adjudging to the distributees their respective shares, must be regarded conclusive, so far as the authority of that court over the subject is concerned—quite as much so, as a decree in chancery or the judgment of a court of law. No other conclusion can be attained, for the legislature have in effect so declared in repeated instances—among others by providing that their payment may be enforced by execution.

In the case before us, the decree seems to have been perfected in due form, and about nine months afterwards, the party against whom it was rendered, moved to have it vacated or entered satisfied, either in whole or in part, as it respects the several interest of the plaintiffs in error. The testimony of the witnesses who were examined on the hearing of the motion, must be placed out of view as it impeaches the decree, and if effect could be accorded to it, would to the extent to which the decree is complained of, avoid it. It is not permissible for a court to avoid its judgment or decree after the expiration of the term at which it was rendered, unless it be in conformity to some legislative provision, or a practice so often recognized as to establish it. We are aware of no statute which confers such a power upon the orphans' court, and as that court does not proceed according to the course of chancery, it cannot exercise a modifying or annuling power over its *final decrees* by any proceeding analogous to a bill of review.

It is not competent for the defendant in a judgment to move its satisfaction by the court rendering it, upon an allegation that the plaintiff had released him previous to the trial of the cause, or that he had satisfied the demand, and failed or neglected, for any cause, to make defence. This conclusion is the result of familiar and long established principles, and need not be sustained by the citation of authorities.

Carroll et al. v. Moore, 7 Ala. R. 615, is not in the slight-

est degree adverse to any thing we have said. There the order of satisfaction was entered simultaneously with the rendition of the decree, in fact was regarded as a part of the same proceeding. Its legal effect was the same, as if it had been embodied in it.

Landreth's adm'r v. Landreth's distributees, 12 Ala. Rep. 640, is directly in point, so far as principle is concerned. True, the facts are dissimilar—there the court, previous to the rendition of the decree, had disallowed the receipts for the payment of money by the administrator, which the latter moved to have entered, as a satisfaction of the decree *pro tanto*, upon the introduction of additional evidence. Here the matters brought to the view of the orphans' court upon the motion, may, or may not have been previously mooted and rejected, at least so far as the record can appropriately and legitimately inform us. But however this may be, is not a material inquiry; for as the evidence upon which the motion was made was in existence previous to the rendition of the decree, it should then have been brought to the view of that court, so as to have made it available against the plaintiffs in error, and cannot furnish a ground for directing satisfaction of the decree to be entered.

If the facts recited in the bill of exceptions were established in chancery, perhaps that court might afford the relief that is sought, or at least such as is proper under the circumstances. But be this as it may, the order of the orphans' court cannot, as we have seen, be supported, and it is therefore reversed.