## STYLES *vs.* THE STATE.

When two judges only of the supreme court preside in a cause, (the third being absent from Providential cause,) and they cannot agree upon a judgment after the same has been heard and considered, and the writ of error is stricken from the docket, and these facts are certified in the remittitur by the clerk of this court to the court below, it is not error in the circuit judge to order a judgment of affirmance, to be entered upon his minutes.

Murder, in Glynn superior court.. Decision by Judge COCHRAN, at February Term, 1859.

The case of Carey W. Styles, plaintiff in error, against the State of Georgia, was brought by writ of, error and bill of exceptions to the supreme court, held at Savannah, January term, 1859. At that term of the supreme court, Judge Lumpkin, one of the judges, being absent from providential cause, the court met, was organized and held by the other two judges, who were present—McDonald and Benning. The above case of Styles against the State being called in its order was heard and argued, but the presiding judges not being able to agree, no judgment was delivered or pronounced, and the case was stricken from the docket; and the clerk of the supreme court transmitted to the court below the following certificate, or remittitur:

STATE OF GEORGIA. ⎫
SAVANNAH, 1ST DISTRICT. ⎬
Thursday, 20th January, 1859. ⎭

The Honorable the supreme court met pursuant to adjournment—present their Honors Charles J. McDonald and Henry L. Benning, judges.

Carey W. Styles, plaintiff in error, ⎫
vs. ⎬ Murder from Glynn.
The State of Georgia. ⎭

Their Honors, Charles J. McDonald and Henry L. Benning, presiding in this case, there was no judgment rendered, and the case stricken from the docket.

Bill of cost. Case carried to. judgment, $3 75; recording proceedings, $2 25; recording opinins, $3 50; remittitur, $1 25; sheriff, $1 50=$12 25

SUPREME COURT OF GEORGIA. ⎫
CLERK'S OFFICE, Milledgeville, 22d Jan., 1859. ⎭

I certify that the above is a true extract taken from.

the minutes, and that Messrs. Law, Barton and Lovel, paid the above bill of costs.

Given under my hand and Seal of Office.

ROBERT E. MARTIN, Clerk.

At the February term, 1859, of Glynn superior court, the Solicitor General, on behalf of the State, moved the following order:

Glynn Superior Court, February Term, 1859.

The State    &#125;  Indictment for murder.

*vs.*      The above cause having been carried Carey W. Styles. up to the supreme court, by writ of error at the instance of the defendant, and the clerk of said court having transmitted a certified copy of the proceedings had thereon—It is ordered that the same be entered on the minutes and be made the judgment of this court.

And it appearing from said certificate that the said cause in error was stricken from the docket of the supreme court—It is further ordered that the above cause do proceed.

Counsel for Styles objected to said order, on the ground that said certificate does not show any order or judgment of the supreme court, and that said court had not, in the terms of the organic act, heard and determined, at the first term of said court, the questions made in the bill of exceptions, and had not affirmed or reversed the judgment of the superior court, complained of and assigned as error.

The court overruled the objection and granted the order. To which decision counsel for defendant excepted.

BARTOW, and Sol. Gen., represented by T. N. GARDNER, STUBBS & HILL, for plaintiff in error.

H. V. JOHNSON, represented by GEO. GORDON, and LLOYD & OWENS, and E. A. NESBIT, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

We think the circuit judge was right in making the remittitur the foundation of a judgment of affirmance in the court below. It showed two things—1st, that the two judges, who alone presided in the case, disagreed; and, 2dly, that the case was stricken from the docket. Pursuing, therefore, the practice hitherto adopted, both upon principle and authority, and acted upon in a number of cases similarly situated, the circuit judge entered a judgment of affirmance in the court below.

It is argued that in as much as no formal order was passed directing this case to be stricken from the docket, the entry on the minutes to that effect was a clerical mistake, and should be corrected. To which it may be satisfactorily replied, that the minutes of the court containing this entry were read and *approved by the court*; and thus its official sanction was deliberately given to this entry.

This being so, no principle is better settled of more universal application that no court can annul its own judgment for error of fact or of law, after the term at which it has been rendered.—12 Peters, 491; 3 Howard, 413; 25 Wendell, 252; 14 Ala. 648; 15 *ib.* 802. By the constitution and organic law, this case had to be heard and determined at the last term, unless prevented by providential cause. It was heard. The determination of *the court* was to strike it from its docket, not by accident, but with the understanding that the direction thus given to it would operate as an affirmance of the judgment below. It is too late to reach and reverse this action.

The case of Burwell, Jordan et el. against Brigham, Kelly & Co., occupies the same position; and consequently the motion to reinstate this case must be denied for the same reasons.

For myself, I am free to say, that I put my judgment

in these cases upon broader grounds.. I hold in conformity with the practice in the House of Lords in England, when sitting as a court of errors in the last resort—with the court of errors, in New York, in South Carolina, in Virginia, and so far as I have examined, every other State in the confederacy, in the Supreme Court of the United States, and I believe every other court in the civilized world, (except where by positive enactment provision is made for a rehearing,) that a failure to reverse on account of a divided court is equivalent to a judgment of affirmance; and that there is nothing in the constitution or act of 1845 establishing this tribunal, to necessitate a contrary rule, when one of the three judges is absent from providential cause, or disqualified from presiding on account of some personal disability, such as being a party—of kindred to the plaintiff or defendant, &c.

If it be the good pleasure of the legislature to make provision for any or all of these cases, let it do so by statute.

Judgment affirmed.