## WATT'S ADM'R vs. WATT'S DISTRIBUTEES.

[FINAL SETTLEMENT OF ADMINISTRATOR'S ACCOUNTS.]

1. *Conclusiveness of final decree.*—A decree of the probate court, which purports to have been rendered on final settlement of the accounts and vouchers of the administrator of an insolvent estate, and ascertains the amount of assets which had come to his hands, the amount of his disbursements, and the balance left in his hands for distribution among creditors; and by which "it is ordered, adjudged, and decreed," that the account, as stated by the court, "be received, passed, allowed, recorded and filed as a final settlement of said estate,"—is final and conclusive, until reversed by the proper tribunal, and can not be reviewed or annulled by the probate court at another term.

2. *Requisites of final decree.*—A decree of the probate court, which purports to have been rendered on final settlement of the accounts and vouchers of the administrator of an insolvent estate; which corrects certain supposed errors and mistakes in a former settlement, thereby showing a larger balance in the administrator's hands for distribution among the creditors, and declares the former settlement to be partial only; and by which "it is considered and decreed," that the claims allowed on the former settlement, which were then declared entitled to a dividend of eighty per cent., "be paid in full, and that whatever sums shall remain, after the satisfaction of said allowed claims, be equally divided among the four minor heirs of" the decedent,—has not the requisites of a final decree, and will not support either an execution or an appeal.

APPEAL from the Probate Court of Sumter.

IN the matter of the estate of George L. Watt, deceased, on final settlement of the accounts and vouchers of Joel Watt, the administrator. The citation was issued on the 12th March, 1860. The administrator appeared at the ensuing April term, and moved the court to dismiss the proceeding against him, on the ground that the estate had been declared insolvent in September, 1855, and that he had made a final settlement of his administration on the 17th January, 1857; and, in support of his motion, offered in evidence the decrees rendered by said probate court at those times. "After hearing the evidence, and the argument of counsel, the court overruled said motion; where-

upon the defendant excepted. The court then proposed to set aside and vacate so much of the said decree of January 17, 1857, as declared said settlement to be final ; to which action of the court the defendant objected. The court over-ruled the objection, vacated so much of said decree as declared said settlement to be final, and proceeded to state an account in accordance with the citation; to which the defendant excepted."

The decree of January 17, 1857, and the decree from which this appeal was taken, are in the following words :

"'January 17, 1857. This day came up for final action and decree, in pursuance of a former order of this court, and after advertisement for three successive weeks in the *Sumter Democrat*, the account-current and vouchers of the administrator for a final settlement of his administration of the estate of George L. Watt, deceased ; which, upon ex-amination, shows a receipt of assets to the amount of $1941 28, and disbursements, properly vouched, to the amount of $355 40 ; leaving a balance of $1585 88 for distribution among the creditors of said estate. And it appearing that said account is legally and fairly stated, and properly vouched, it is ordered, adjudged, and decreed, that the same be received, passed, allowed, recorded and filed as a final settlement of said estate. After a careful exam-ination. the following claims were rejected and disallowed, for want of legal proof of their correctness," (specifying them.) "It is ordered, that said estate pay eighty per cent. on the claims filed and allowed against said estate."

"Probate Court of Sumter, April term, 1860.
"This day came up for action and decree, in pursuance of an order made at the March term, 1860, the account stated by this court, under section 1817 of the Code of Alabama, against Joel Watt, administrator of the estate of George L. Watt, deceased ; and notice having been issued and executed upon said Joel Watt, requiring him to file his account-current and vouchers for a final settlement on

this day, and notifying him that, if he failed to file them, the court would pass the account heretofore stated against him ; the said Joel Watt came into court, and moved to dismiss said proceedings against him, because the citation was issued *ex mero motu ;* because said estate was declared insolvent, and final settlement of it made in January, 1857; because the court has no jurisdiction over the matter, and because neither the creditors nor the heirs of said deceased are parties to the proceeding. The court overruled said motion ; and the said Joel Watt refusing to file his account-current and vouchers for a settlement, the court proceeded to examine and pass the account heretofore stated against him. The account thus stated by the court against the said administrator, charges him with the following assets, which are shown to have come into his possession, and not to have been accounted for or distributed by him, and which were totally omitted in his former settlement—to-wit," &c. ; specifying assets to the amount of $1350 99. The decree then allows credits to the administrator, amounting to $223 48, and proceeds thus—"And it appearing to the satisfaction of the court, that the said amount ($1350 99) charged against said administrator as aforesaid, came into his possession as such administrator ; and that he omitted to account for, or charge himself with said sum, in his settlement made on the 17th January, 1857; and that only $223 48 of said sum has been disbursed on behalf of the estate, the creditors, or the heirs-at-law ; and it further appearing to the court, that the omission of the administrator to charge himself with the amount of said account of sales and inventory, in conformity with the first subdivision of section 1802 of the Code, as well as his failure to distribute the same, renders void the decree made on the settlement of January 17, 1857,—it is now therefore considered, ordered, and decreed by the court, that so much of said decree as declares the said settlement of January 17, 1857, to be final, be, and the same is hereby, so amended and altered as to make the same—what it was in fact—a partial settlement and distribution of said estate,

35

and to render the said Joel Watt, administrator of said estate, accountable to this court for the goods, chattels and moneys of his intestate, which he is shown to have omitted charging himself with in his account passed upon the 17th January, 1857. It is also considered and decreed by the court, that the claims which were allowed by this court in the settlement of 17th January, 1857, be paid in full, and that whatever sum shall remain, after the satisfaction of said allowed claims, be equally divided among the four minor heirs of the said George L. Watt, deceased; and it appearing to the satisfaction of the court, that said administrator has overpaid several of the creditors heretofore, by reason of the rejection of their claims, it is considered and decreed, that he retain, in all such cases, whatever may be still due them on their allowed claims, to reimburse him for said payments on claims that were rejected. It is further ordered, that the judgments on execution docket No. 10, in favor of the creditors and heirs-at-law of the said George L. Watt, be, and the same are hereby, made a part of this record, and that executions may issue on said judgments, for the amounts due said creditors and heirs-at-law respectively. It is further ordered, that in order to make up a complete record of the said case, the inventory, account of sales, and settlement made on the 17th January, 1857, be, and the same are hereby, made a part of the record in this case."

The overruling of the motion to dismiss the proceedings, and the decree rendered by the court, are now assigned as error by the administrator.

COLEMAN & VAN DEGRAFF, for appellant.

STONE, J.—In January, 1857, a final settlement was had of the administration of appellant on the estate of George L. Watt, deceased. Thus the matter rested for three years, when these proceedings were set on foot to bring the administrator to another settlement; and in such

new proceedings, the attempt was made to hold the appellant accountable for other assets of the estate, which, it is alleged, were in his hands at the time of the first settlement, and were not accounted for. To these proceedings the administrator interposed as a bar the decree on the former final settlement. This defense the probate court overruled, and thereupon vacated the former judgment as a final decree, and pronounced it to be only a partial settlement.

On what evidence the probate court acted, in vacating the former decree in part, and rendering a new one, we are not informed. It is obvious that the record did not furnish evidence that there had been any clerical error in the matter of entering up the decree which the court in fact made. On the contrary, it is clear that the judicial mind did pass and pronounce on the question of the amount of assets in the administrator's hands, and announced the result. It is also clear that the probate court did decree and determine that the settlement then made was—what it purported to be—a final settlement. "A decree rendered under such circumstances, is binding on the parties to it, until it is reversed in the proper court; and the court rendering it has no power to review or annul it."— *Barnett v. Tarrence*, 23 Ala. 467; *Allman v. Owen*, 31 Ala. 167; *Moore v. Lesueur*, 33 Ala. 243; *Norman v. Norman*, 3 Ala. 389; *Duke v. Duke*, 26 Ala. 675–6; *Simmons v. Price*, 18 Ala. 406; *Matthews v. Douthitt*, 27 Ala. 276; *Cannon v. Rogers*, at this term; *King v. Smith*, 15 Ala. 269; *Landreth v. Landreth*, 12 Ala. 640; *Morrison v. Morrison*, 3 Stew. 444; *Butler v. Ins. Co.*, 14 Ala. 793; *Perkins v. Moore*, 16 Ala. 12.

Although it may be, and probably is true, that in the settlement of January, 1857, there was a failure to charge the appellant with certain assets of the estate in his hands; yet the final decree then rendered must forever close the door to a re-investigation of that question, in that court. That there must be an end of litigation, and that the sanctity and inviolability of the judgments of the courts having competent jurisdiction are of infinitely greater impor-

tance than the complete justice of an individual case, are propositions vindicated alike by reason and by authority.— 1 Greenl. Ev. § 522; *Bobe v. Stickney*, 36 Ala. 482.

[2.] We have said thus much on the merits of this case; and from the principles above announced, it is manifest that, in the proceeding of the probate court of Sumter since January, 1857, that court has mistaken its powers. It should vacate all orders it has made, in what we have characterized as the renewed proceedings. But, under these later proceedings, there does not appear to have been any final decree rendered. True, the principles of a decree are laid down; but no judgments were rendered, ascertaining any amounts due to the various persons,—the distributees in particular; nor, indeed, are the names of the distributees mentioned in the record. The balance is not ascertained, and the persons between whom the money is to be divided, are described simply as "the minor heirs of said George L. Watt, deceased." Nothing was done which placed the case in a condition for collection, or for the issue of executions for the collection of the amount. That is not a money judgment, which does not authorize the issue of an execution; and no execution could issue for these unascertained balances. The judgments, to be final, should have been specific, and in favor of the several distributees by name.—*Brazeale v. Brazeale*, 9 Ala. 491; *Merrill v. Jones*, 8 Por. 554; *Betts v. Blackwell*, 2 S. & P. 373; *Judge of Limestone v. French*, 3 S. & P. 263; *Hollis v. Caughman*, 22 Ala. 478; *Harrison*, Ex parte, 7 Ala. 739; *Andrews v. Hall*, 15 Ala. 88.

There being no final decree in the matter of the renewed proceedings, the appeal must be dismissed.