## HORN, Ex'r, *vs.* BRYAN ET AL.

[PETITION TO PROBATE COURT TO AMEND AND COMPLETE PARTIAL DECREE, RENDERED BY IT, AT A SUBSEQUENT TERM AGAINST EXECUTOR WHO HAD MADE FINAL SETTLEMENT.]

1. *Executor, final settlement of; what order probate court has not jurisdiction to make.*—After a final settlement of an executor's accounts, the probate court has no jurisdiction to entertain a petition, by a distributee, to complete a decree rendered against the executor on partial settlement, and to issue execution upon it.

APPEAL from Probate Court of Marengo.
Tried before Hon. THOS. J. WOOLF.

The facts of this case sufficiently appear in the opinion.

S. J. CUMMING, for appellant.
MORGAN & LAPSLEY, *contra.*

B. F. SAFFOLD, J.—The appellees, on the 24th of July, 1867, petitioned the probate court to complete a decree, rendered in 1860, against the appellant, whereby it was ascertained, on a partial settlement of his accounts, that, in his representative capacity, he was indebted to the said Frances L. Bryan, in the sum of $2,718 98, and he was directed to retain the money, subject to the further order and decree of the court, on the termination of a certain chancery suit between the petitioners concerning it, and also petitioned the court to issue execution upon the decree.

The appellant moved to dismiss the petition, on the ground that he had made a final settlement of his executorship in 1864, and had paid the decree then rendered against him. The motion was overruled, and the court rendered a decree against the executor in favor of the petitioners according to the prayer of their petition, with some exception.

Both parties appealed from the decree. The appeal taken by the petitioners was heard at the January term,

1868, of this court and the decree was reversed, on the ground that the probate court had no jurisdiction to take further action in the matter, after the final settlement, and a decree was rendered in this court dismissing the motion of the petitioners in the probate court.

The facts and the authorities sustain this disposition of the case.—*Modawell v. Holmes*, 40 Ala. 391; *Slatter and Wife v. Glover*, 14 Ala. 650; and the authorities cited in the opinion at the January term, 1868.

The decree of the probate court is reversed. The petition of the appellees is dismissed out of that court, at their cost, and they must pay the costs of this court.