159 So. 84

### DYER v. LAHR.

I Div. 849.

Supreme Court of Alabama.
Jan. 24, 1935.

Hybart, Heard & Chason, of Bay Minette, and Harry T. Smith & Caffey, of Mobile, for appellant.

Lloyd A. Magney, of Foley, for appellee.

FOSTER, Justice.

Briefly stated, the material facts necessary to a decision of the assignments on this appeal are as follows: On September 29, 1930, letters of administration on the estate of John Lahr were issued to Mary Dyer. On October 25, 1930, Lena Lahr filed a petition to have the personalty exemptions set apart to her as the widow. Appraisers were appointed, and reported, and set apart to the widow, the specific items of personal exemptions, and cash (insurance policy), $830.

On December 27, 1930, the probate court considered the report, without exceptions, quoted it in the decree then made, confirmed it, allowed the specific exemptions, and "also additional personal property to the extent of $830.00 insurance policy," and ordered that it was all the property belonging to the estate, and that the title vested in the widow. The title vested by operation of law without so declaring in the decree, and without any proceeding to set it apart to her, since it was all less than the amount allowed by law. Phillips v. First National Bank, 208 Ala. 589, 94 So. 801; Sov. Camp, W. O. W., v. Snider, 227 Ala. 127, 148 So. 831; Jackson v. Wilson, 117 Ala. 432, 23 So. 521.

There was no order for process. The next occurrence in the progress of the administration was the report for final settlement of the administratrix, filed November 12, 1931. The court set a day to hear the report and ordered notice by publication for three weeks. On December 15, 1931, the court entered a decree declaring "that the assets of said estate consisted principally of an insurance policy payable to the estate of said decedent in the sum of $830.00, said sum was set apart to Lena Lahr, the widow of said decedent, under section 7922, Code of Alabama of 1923, leaving in the hands of the administratrix assets belonging to said estate in the sum of $23.77, and that she had justly expended in and about the costs and charges necessary and incident to said administration the sum of $23.33, leaving a balance of forty-four cents in her hands, subject to further charges against said estate, and for distribution among those entitled. And it appearing to the court that the said decedent left surviving no heirs and next of kin, except Lena Lahr, his widow, who resides in Davenport, Iowa, whose personal property exemptions have been set aside to her as exempt from administration and the payment of debts as above set out." Again it is recited in the decree: "And it further appearing to the court that all the debts of said estate having been paid, and that there is no need of continuing this administration, and that upon the payment of said costs said administratrix and the sureties on her official

bond as such administratrix will be discharged from any further liability and accountability by reason of said administration."

On August 15, 1932, Mary Dyer filed in the probate court a petition alleging that the estate had on deposit in the Farmers' & Merchants' Bank of Foley $852.44; that it closed on January 8, 1932, and went into liquidation and prayed for authority to compromise the claim by entering into a reorganization agreement. The petition was set down for hearing, and the court ordered that Lena Lahr who then, it alleged, resided at Foley, Ala., be given personal notice. The notice was returned by the sheriff not found. On August 26, 1932, the court made an order on the petition, reciting that notice was given as ordered, and that the petition be granted and the administratrix be authorized and empowered to make the compromise agreement.

On July 3, 1933, the probate judge issued an execution against Mary Dyer, as administratrix, for $830, decreed to be paid to Lena Lahr as the widow and sole distributee. On September 7, 1933, Mary Dyer filed a petition to quash the execution on various and sundry grounds set out in detail. Without any action being taken on that petition, Lena Lahr, on September 14, 1933, filed a petition to amend the decree of December 27, 1930, by which the exemptions were set apart, so as to adjudge and decree that she have and recover of Mary Dyer, administratrix, etc., the sum of $830, and that execution issue for its collection. The court set the hearing for October 3, 1933, and ordered notice to the administratrix. It was continued to October 19, 1933. On that day the court entered a decree reciting that the parties came by attorney, and submitted the petition, and that it was argued and understood by the court. It was then ordered and decreed that the petition be granted and the judgment was amended nunc pro tunc as prayed for, and as amended was set out in full in the decree making the amendment. The appeal is from the decree of October 19, 1933, amending that of December 27, 1930, nunc pro tunc.

The motion to amend the decree of December 27, 1930, does not allege that the court made or pronounced such an order as that sought to be added, and that for some reason it was omitted from the decree as entered, and that there was matter of record which showed that to be true. It was therefore a petition not to amend so as to declare what had been in fact decreed, but to add something that had not been decreed.

■ The terms of the decree setting the exemption apart are somewhat uncertain whether it is the money or the policy which is the subject of the decree. In either aspect, it is not framed as a personal judgment for the payment of money. It primarily determines the right of the widow to certain named property as exempt. The decree is such as the statute contemplates. Section 7941, Code. The title of exempt personalty set apart to the widow is vested in her. If the money set apart is not promptly paid to the widow, the court could probably render a personal judgment against the administratrix for that much money. It does not always follow that the administratrix is liable personally on execution for the payment of money set aside as exempt to the widow. The money or other property may be lost without the fault of the administratrix. But before this is so decreed by the probate court, and before an execution may issue, the court should ascertain that there is a personal liability on the part of the administratrix.

■ While a decree on final settlement is in force and effect, and after the term when it was rendered, the probate court can add no substantial matter to any of the decrees made pending administration. Horn v. Bryan, 44 Ala. 88; Slatter v. Glover, 14 Ala. 648, 48 Am. Dec. 118; Watt's Adm'r v. Watt's Distributees, 37 Ala. 543; Modawell v. Holmes, 40 Ala. 391; Medley v. Shipes, 177, Ala. 94, 58 So. 304; Miles v. Lee, 180 Ala. 439, 61 So. 915; Evans v. Evans, 213 Ala. 265, 104 So. 515. But it may make them recite in formal fashion what record data shows was in fact pronounced, but was not included in its formal entry. Whitaker v. Kennamer, ante, p. 80, 155 So. 855; Dabney v. Mitchell, 54 Ala. 198; Briggs v. Tennessee Coal, Iron & Rwy. Co., 175 Ala. 130, 57 So. 882.

■ This is not what is alleged in the petition to amend, nor shown in any record data. The petition does not show by its allegations that its purpose is to make the decree speak the truth, but rather to add something not theretofore decreed. Whatever rights the widow has must be asserted in a separate suit against the administratrix, and by virtue of the decrees as rendered. See Turner v. Cole, 24 Ala. 364; Evans v. Evans, 200 Ala. 329, 76 So. 95.

Reversed and rendered denying the petition to amend.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.